September 18, 1992

**IN THE SUPREME COURT OF THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| PRUDENCIO T. MANGLONA, as Mayor of Rota, and JAMES MENDIOLA, as Mayor of Tinian and Aguiguan, ) ) ) ) | APPEAL NO. 91-013 CIVIL ACTION NO. 91-322 |
| Petitioners/Appellees, ) ) | |
| vs. ) ) | OPINION |
| CNMI CIVIL SERVICE COMMISSION and DEPARTMENT OF FINANCE, CNMI Government, ) ) ) ) ) | |
| Respondents/Appellants. ) ) | |

Argued and Submitted February 20, 1992

Counsel for Appellants:     David A. Wiseman
                            WISEMAN & EASON
                            P.O. Box 404
                            Saipan, MP  96950

Counsel for Appellees:      ROBERT O'CONNOR
                            P.O. Box 1969
                            Saipan, MP  96950

BEFORE:  DELA CRUZ, Chief Justice, VILLAGOMEZ and BORJA, Justices.

VILLAGOMEZ, Justice:

## I.

Mayor Prudencio T. Manglona of Rota and Mayor James Mendiola of Tinian ("Mayors") each hired certain employees for their respective municipality without submitting to the Civil Service

244

Commission ("Commission"), for review and approval, the employment contracts of those hired. They contend that because the employees hired are exempt from the civil service system, pursuant to 1 CMC § 8131(a)(13),[1] they need not obtain Commission approval.

On March 18, 1991, the Office of the Attorney General rendered to the Commission's Personnel Officer a legal opinion stating that, notwithstanding the statutory exemption of the mayors' staff employees from the civil service system, the Commission retains the authority to determine, before hiring, which of the positions within the mayors offices, are exempt. The opinion noted that each mayor must submit a list of the positions to be filled to the Commission for such prior determination. Further, the opinion noted that all personnel actions for employees of the mayor must be submitted to the Personnel Office for its review to determine compliance with the Excepted Service Personnel Regulations.

Subsequent to the opinion rendered by the Attorney General, the Department of Finance withheld the salaries of the Mayors' staff employees affected, until such time as the Mayors comply with the Attorney General's opinion. Disagreeing with the opinion, the

---

[1] § 8131. Civil Service System: Applicability; Exemptions.

(a) Except as provided in this section, the Civil Service System shall apply to all employees of and positions in the Commonwealth Government now existing or hereafter established. Unless this Act is otherwise specifically made applicable to them, the following persons or positions are exempt from the Civil Service System: . . .

(13) Personnel and staff of the Mayor's Offices of Rota, Tinian, Saipan and the Northern Islands as defined by the FTE ceilings and established by annual appropriation for those offices.

Mayors filed an action seeking a writ of mandamus and declaratory relief against the Commission and Finance. On May 2, 1991, the trial court entered judgment in favor of the Mayors, ruling as follows:

> The personnel and staff of the Mayors' offices are exempt from the civil service and the Civil Service Commission and the Personnel Officer acting for the Civil Service Commission have no authority or responsibility to review the contracts to determine if, in fact, the positions are to be exempt.

The Commission timely appealed.

## II.

██he appellants raise four issues for our review. After a review of the record below and the pertinent constitutional and statutory provisions, we find only one of them as the dispositive issue. That issue is whether the trial court erred in declaring that the Commission and the Personnel Officer have no legal authority or any role whatsoever in the exemption process for employees of the Mayors' offices.[2] We conclude that the trial court is correct in its ruling on this issue.

The first issue raised by the Commission is whether the trial court erred by allowing the case to proceed when the initial pleading was entitled "petition" rather than "complaint" as contemplated by the Commonwealth Rules of Civil Procedure.

---

[2] This is a question involving the interpretation and application of Article XX of the Constitution which is reviewed de novo. Commonwealth v. Peters, No. 90-026 (N.M.I. Jan. 8, 1991).

246

Appellants cite Rule 3 of the Com.R.Civ.P. which states that "[a] civil action is commenced by filing a complaint with the court." (Emphasis added.) For that reason, appellants urge us to reverse and remand this case. Assuming we did reverse on this ground, we anticipate the appellee would simply amend its pleading to change the word "petition" to "complaint." That would be a waste of time, exalting form over substance. The pleading filed is in fact a complaint, notwithstanding that it was labeled a "petition."

The second issue raised is whether employees of the Mayors' offices are employees of the CNMI government. The trial court did not reach this issue because of its conclusion that the employees are exempt from the civil service and the Commission has no authority to review their exempt status. We find that the issue is irrelevant. Whether those hired are CNMI government employees or not have no bearing on the Commission's authority over them, once they were exempted from the civil service system.

The third issue raised, whether the Commission has the authority to review the employment contracts of the Mayors' staffs, is dispositive of this appeal.

The fourth issue raised is whether the Personnel Officer has to review the Mayors' employees' contracts before they can be paid their salaries by the Department of Finance. Our answer to this issue depends entirely upon the answer to the dispositive third issue. If the Commission has no authority to review the employment contracts, then the employees may be paid their salaries without

247

any review of their contracts by the Personnel Officer.

## III.

Article XX of the CNMI Constitution provides:

Section 1: <u>Civil Service:</u>

The legislature shall provide for a non-partisan and independent civil service with the duty to establish and administer personnel policies for the Commonwealth government. . . . The commission's authority shall extend to positions (other than those filled by election or by appointment of the governor) in the departments and agencies of the executive branch and in the administrative staff of the legislative and judicial branches. Exemption from the civil service shall be as provided by law, and the commission shall be the sole authority authorized by law to exempt positions from civil service classifications. (Parenthetical marks added.)

Pursuant to the above constitutional provision, the legislature enacted 1 CMC § 8131(a)13 which added, to the list of exempted positions, the staff employees of the mayors.

The heart of this dispute stems from that sentence of Article XX, § 1, which states: "Exemption from the civil service shall be as provided by law, and the Commission shall be the sole authority authorized by law to exempt positions from civil service classifications." The first clause appears irreconcilable with the second.

The Commission contends that under the quoted language, the legislature may, by law, grant exemptions from the civil service system, but that although the law may grant exemptions from the civil service system, the Commission alone has the authority to review those positions and determine specifically which ones are

248

exempt from the civil service and assure compliance with the Excepted Service Personnel Regulations. The Mayors, on the other hand, contend that once the legislature has exempted, by law, certain positions within the government, such positions need not be reviewed by the Commission. We agree with the Mayors' contention.

We resort to the legislative history of the Second Constitutional Convention, which adopted this language in Article XX, for information explaining the intent of constitutional Amendment 41.[3] That history reveals that an exemption from the civil service _system_ is to be treated differently from an exemption from the civil service _classifications_.

The constitutional provision at issue here has two distinct parts. The first part relates only to exemptions from the civil service that may be provided by law. We read this part to mean that only if the legislature passes a law providing for exemptions may there be exemptions from the civil service _system_. Only the legislature can exempt government employees from the civil service _system_. The second part relates to the authority given the Commission alone to exempt positions from the civil service _classifications_. This authority has to do with positions that are within the civil service _system_, but which, for one reason or

_____

[3] Amendment 41 repealed section 16, Article III, of the Constitution and added a new Article XX relating to Civil Service. Section 16 provided:

> The legislature shall provide for a non-partisan and independent civil service commission with the duty to establish and administer personnel policies for the Commonwealth government. The commission's authority shall extend to positions other than those filled by election or by appointment of the governor in the departments and agencies of the executive branch and in the administrative staffs of the legislature and judicial branches. Appointment and promotion within the civil service shall be based on merit and fitness demonstrated by examination or by other evidence of competence.

another, the Commission decides should be exempt from civil service classifications. This necessarily means that the position is already within the civil service classifications but the Commission can exempt it from such classified position. Neither the legislature nor any other entity has any authority to make an exemption from civil service classifications for positions within the civil service system.

It is clear from Convention history that the Convention intended to remove from the legislature (or any other entity designated by the legislature) its prior authority to exempt positions from the civil service classifications and to place that authority strictly with the Commission. However, while Amendment 41 accomplished that, it also granted to the legislature the authority to exempt positions from the civil service system.[4]

---

[4] The original committee proposal introduced during the Second Constitutional Convention provided only that "the commission shall be the only authority to exempt positions from the civil service classifications." (Emphasis added.) The committee report contains the following explanatory and supporting statements:

> "The authority to exempt positions from the civil service classifications will be constitutionally delegated to the Commission. Presently, the Constitution leaves to the Legislature the classification of positions other than Executive Department Heads."

> "The extension of the Commission's authority will provide for a uniform classification system for employees in the Commonwealth Government. The present set-up allows for different compensations for the same position."

> "The Constitutional amendment will allow the Commission also to make determinations on the categories of positions to be excluded from the civil service classifications." (Emphasis added.)

The proposed amendment and the committee report did not contain any language regarding exemption from the civil service system. However, during the Convention's deliberation on the floor, Delegate Jesus P. Mafnas offered a floor amendment which added the language "[e]xemption from the civil service shall be as provided by law."

Because this floor amendment was made after the committee made its report to the floor of the Convention, the committee did not deliberate on this newly added language. Nor did Delegate Mafnas, who made the motion to add this new language, explain why he wanted to grant the legislature the power to exempt positions from the civil service system (as opposed to classifications).

250

Exemption by law from the civil service "system" means an exemption from the entire civil service system. In contrast, an exemption by the Commission from civil service "classifications" means that the Commission alone may authorize an exemption from a position already classified within the system.[5]

As to the latter (re: classifications), every aspect of the employee's contract with the government is administered by the Commission, including the decision to exempt, the processing of the contract, the assurance that the contract complies with the Excepted Service Personnel Regulations, and the enforcement of all other applicable provisions of the Personnel Service System Rules and Regulations. As to the former (re: exemption from the system), the Commission has no authority. The employing agency hires within the FTE ceilings and the annual budget for the exempted position.

## IV.

We hold, based on our construction of the last sentence of Article XX, Section 1, of the CNMI Constitution, that neither the Commission nor its Personnel Officer has any authority to review the contracts of personnel and employees of the offices of the Mayors of Rota and Tinian.[6] Nor do they have the authority to

---

[5] Part IV, Sub-Part A of the Personnel Service System Rules and Regulations defines Position Classification: "Position classification means the process by which employment positions in an organization are identified, described and defined according to their duties and responsibilities, with like positions segregated into groups called 'classes'. A systematic record is made of the classes found and a listing is made of the particular positions found to be of each class."

[6] This opinion addresses only the effect of subsection (13) of § 1831(a) pursuant to our interpretation of Article XX, § a. of the Constitution. We note that subsection 13 was enacted after the ratification of Article XX.

251

review or approve the exempt status of the employees of those offices.

We, therefore, **AFFIRM** the judgment of the trial court.

Dated this _18th_ day of _September_, 1992.

_____
JOSE S. DELA CRUZ, Chief Justice

_____
RAMON G. VILLAGOMEZ, Associate Justice

_____
JESUS C. BORJA, Associate Justice