**Enrique Agulto SANTOS; and Ignacia A. Santos, Plaintiffs–Appellees,**

v.

**NANSAY MICRONESIA, INC., Defendant–Appellant.**

No. 94–16711.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 11, 1996.

Decided Feb. 8, 1996.

William M. Fitzgerald, Saipan, MP, for plaintiffs-appellees.

Billie Ann U. Higa, Esner, Higa & Chang, Los Angeles, California, for defendant-appellant.

Before: LAY,* GOODWIN and PREGERSON, Circuit Judges.

* Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

## OPINION

PER CURIAM:

Nansay appeals a judgment following a jury trial in the Superior Court for the Commonwealth of the Northern Mariana Islands ("CNMI"), which judgment was affirmed by the Supreme Court of the CNMI. We dismiss the appeal for want of a substantial federal question.

This action was filed in the Superior Court after Enrique and Ignacia Santos discovered that they had been fraudulently induced to sign their real property over to their two sons, Jesus and Enrique, purportedly for tax purposes. Nansay and Jesus then entered a fifty-five year lease for Jesus' half of the land. Subsequently, Nansay attempted to dedicate the entire piece of property to the Commonwealth government as wetland in a land exchange Nansay hoped would make possible the development of other land owned by Nansay but which was limited for development because of environmental restrictions.

The Santoses received none of the lease proceeds, and brought suit against Nansay and Jesus for restitution and damages, including punitive damages if restitution was not possible. During an earlier stage of the litigation the other son, Enrique, had reconveyed his half interest in the property to his parents.

At the close of the evidence, the court submitted two claims to the jury, one for fraud and one for breach of fiduciary duty. The court provided blank lines on the bottom of the verdict forms to be used by the jury in awarding damages. Nansay objected to this procedure, arguing that specific restitution, not monetary damages for the value of the land, was the proper remedy. The judge reserved the restitution question until after the jury brought in its verdict.

The jury returned a verdict for the Santoses, and awarded them $1,591,800 in compensatory damages, and $1,000,000 in punitive damages. The trial court denied Nansay's motion for JNOV, or in the alternative, for a new trial, but dismissed the restitution claim as moot after the plaintiffs indicated that they would rather accept the damages than the return of the other half of their land. Nansay appealed.

Nansay's appeal to the CNMI Supreme Court did not raise a federal constitutional question. The opening brief argued, primarily, that the Santoses had sought and had been given the wrong remedy, when a better remedy would have been restitution. Election of remedy, and choice of remedy questions are questions of local law and do not raise a federal question.

The Santoses had argued that restitution was no longer possible, and that money damages were appropriate. This likewise presents no federal question. The first putative federal question appears in Nansay's reply brief, which, for the first time, raised a claim that the award of punitive damages violated Nansay's rights under "due process" without stating reliance on the due process clause of the Commonwealth Constitution or the federal Constitution.

The CNMI Supreme Court affirmed the trial court's order denying the motions for JNOV. However, the supreme court ordered a *remittitur* in damages, finding that the jury had "double counted" by providing damages for each claim separately, and by providing damages for the entire original tract of land when the Santoses had recovered half the land from their son Enrique. The supreme court cut the damages in half and affirmed as modified.

Nansay now appeals, claiming that the damage awards, as modified, still violate its right to federal due process, and that the local courts' interpretation of local law is untenable, apparently thereby violating some species of substantive due process.

## JURISDICTION

The Santoses argue that this court lacks jurisdiction over federal due process issues because they were not properly raised or passed upon by the CNMI Supreme Court. We agree.

This court has appellate jurisdiction to review CNMI Supreme Court judgments in "all cases involving the Constitution, treaties, or laws of the United States." 48 U.S.C. § 1801 (Covenant to Establish a Commonwealth of

the Northern Mariana Islands in Political Union with the United States of America, art. IV, § 403(a)) ("Commonwealth Covenant"). *See also Wabol v. Villacrusis,* 958 F.2d 1450 (9th Cir.1990), *cert. denied,* 506 U.S. 1027, 113 S.Ct. 675, 121 L.Ed.2d 598 (1992); *Ferreira v. Borja,* 1 F.3d 960 (9th Cir.1993). This jurisdiction runs for fifteen years from the establishment of the CNMI Supreme Court. 48 U.S.C. § 1801 (Commonwealth Covenant, art. IV, § 403(a)); *Wabol,* 958 F.2d at 1456. Our jurisdiction over appeals from judgments of the CNMI Supreme Court is similar to the U.S. Supreme Court's jurisdiction over the decisions of the highest state courts, *see* 48 U.S.C. § 1801 (Commonwealth Covenant, art. IV, § 403(a)), which "extend[s] to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties," U.S. Const., art. III, § 2.

Normally, our review is limited to those CNMI cases in which the federal issue was adequately raised below, although whether this is a jurisdictional rule or a rule of prudence remains unsettled. *See, Bankers Life & Casualty Co. v. Crenshaw,* 486 U.S. 71, 79, 108 S.Ct. 1645, 1651, 100 L.Ed.2d 62 (1988).

> "[N]o particular form of words or phrases is essential, but only that the claim of invalidity on the ground therefor be brought to the attention of the state court with fair precision and in due time. And if the record as a whole shows either expressly or by clear intendment that this was done, the claim is to be regarded as having been adequately presented."

*PruneYard Shopping Center v. Robins,* 447 U.S. 74, 87 n. 9, 100 S.Ct. 2035, 2044 n. 9, 64 L.Ed.2d 741 (1980) (quoting *New York ex rel. Bryant v. Zimmerman,* 278 U.S. 63, 67, 49 S.Ct. 61, 63, 73 L.Ed. 184 (1928)).

The Santoses assert that Nansay failed to raise federal due process issues before the CNMI Supreme Court because it did not raise the issues until its reply brief. Indeed, while Nansay raised the due process issue in relation to the punitive damage award in its motion for a new trial before the trial court, it appears to have abandoned this issue in its opening brief to the Supreme Court of the CNMI. Nowhere in the opening brief does it mention due process or invoke the U.S. Supreme Court case law regarding due process review of punitive damages, as it had done before the trial court.

However, in apparent response to this court's opinion in *Morgan v. Woessner,* 997 F.2d 1244 (9th Cir.1993), *cert. dismissed Searle v. Morgan,* —— U.S. ——, 114 S.Ct. 671, 126 L.Ed.2d 640 (1994) (analyzing punitive damages in light of due process), Nansay resurrected its due process claims in its reply brief to the CNMI Supreme Court. The CNMI Supreme Court then applied the substantive aspect of due process review from *Morgan* to the case. However, the court never stated whether it was reviewing a question of federal due process or one of due process under the CNMI Constitution. Indeed, the opinion did not use the words "due process" in any context in deciding, on the merits of the appeal, that the jury had made an inadvertent mistake in filling out the verdict forms. Because of the double recovery, the Supreme Court then granted a remittitur which reduced the punitive damages to a sum the court found to be reasonable on the facts of the case, free from bias, and otherwise consistent with applicable law.

 Nansay waived any federal constitutional issues in the CNMI Supreme Court by failing to raise them in its opening brief. *Preservation Coalition, Inc. v. Pierce,* 667 F.2d 851, 862 (9th Cir.1982). This court will review federal issues even if not properly raised in the Commonwealth Court, however, if that court in fact passed upon those issues. See *Cohen v. Cowles Media Co.,* 501 U.S. 663, 111 S.Ct. 2513, 115 L.Ed.2d 586. We do not reach purported federal questions neither raised nor decided by the CNMI Supreme Court. It is particularly inappropriate to reach out and search for a federal question when it appears from the opinion of the CNMI Supreme Court, and from the underlying record in the case that valid provisions of local law justified the verdict as modified by the CNMI Supreme Court. In light of this history, we are satisfied that the Supreme Court of the CNMI decided the case before it solely by applying local law and did not pass on a federal due process claim.

Accordingly, this court has no jurisdiction to review the judgment.

APPEAL DISMISSED.