**Victor Babauta CASTRO,
Plaintiff–Appellant,**

v.

**HOTEL NIKKO SAIPAN, INC.,
a C.N.M.I. corporation,
Defendant–Appellee.**

No. 95–16058.

United States Court of Appeals,
Ninth Circuit.

Submitted May 6, 1996.*

Decided Sept. 24, 1996.

Jay H. Sorensen, Saipan, CM., for plaintiff-appellant.

John F. Biehl, Carlsmith, Ball, Wichman, Murray, Case & Ichiki, Saipan, CM., for defendant-appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument.  Fed. R.App. P. 34(a);  9th Cir. R. 34–4.

Before: FLETCHER, D.W. NELSON and CANBY, Circuit Judges.

FLETCHER, Circuit Judge:

Victor Castro appeals from a decision of the Supreme Court of the Commonwealth of the Northern Mariana Islands ("CNMI"). Because Castro failed to raise a federal issue before the CNMI Supreme Court and the CNMI Supreme Court did not pass upon a federal issue, we dismiss the appeal for lack of jurisdiction.

## I

In July 1991, Castro entered the Hotel Nikko to board the elevator to see the view from the top of the Hotel. A sign stated that access to the elevators was limited to hotel guests. A security guard attempted to stop Castro from boarding the elevator, a scuffle ensued, and Castro was struck in the head with a baton by one of several security guards, causing a bloody contusion.

Castro sued the Hotel in the CNMI Superior Court, contending that the security guards assaulted and battered him and that the Hotel was vicariously liable for the guards' actions. The Hotel filed a motion for summary judgment, contending that the security guards were independent contractors rather than employees and therefore the Hotel was not liable for the security guards' actions. The Superior Court granted summary judgment in favor of the Hotel, concluding as a matter of law that the security guards were independent contractors rather than employees under the Restatement (Second) of Agency, which is applied as part of the Commonwealth's local law. The court also concluded that the case did not fall within an exception to the general rule of nonliability for nondelegable duties.

Castro appealed to the CNMI Supreme Court contending that (1) there was a genuine issue of material fact whether the security guards were employees or independent

contractors of the Hotel; (2) even if the security guards were independent contractors, the Hotel was still liable for the intentional torts of the security guards because providing adequate security is a nondelegable duty of a hotel; and (3) the involvement of the front office manager (a Hotel employee) in the assault raised material issues of fact as to the Hotel's liability for the assault. Only local issues of law were raised; no federal issues were addressed by Castro, the Hotel, or the CNMI Supreme Court.

Castro appealed to this court, contending that the decision of the CNMI Supreme Court was "untenable." The Hotel responded that this court did not have jurisdiction over the appeal because there was no federal question involved and, alternatively, that the CNMI Supreme Court's decision was correct. The Hotel subsequently filed a separate motion to dismiss for lack of jurisdiction, contending that the recent case *Santos v. Nansay Micronesia, Inc.,* 76 F.3d 299 (9th Cir. 1996) dispositively resolves the issue of jurisdiction. Castro opposes the motion.

## II

This court has appellate jurisdiction to review CNMI Supreme Court judgments in "all cases involving the Constitution, treaties, or laws of the United States." 48 U.S.C. § 1824(a); *Santos,* 76 F.3d at 300–01. In *Santos,* the appellant contended before this court that the CNMI Superior Court's award of damages, upheld as modified by the CNMI Supreme Court, violated appellant's right to federal due process and that "the local courts' interpretation of local law is untenable, apparently thereby violating some species of substantive due process." *Santos,* 76 F.3d at 300. This court dismissed the appeal, holding that we lacked jurisdiction over the appeal because no federal issues were properly raised or passed upon by the CNMI Supreme Court. *Id.*

Castro's claim to jurisdiction is even weaker than the appellant's in *Santos.* Castro never raised a federal issue before the CNMI courts at any time and the CNMI Supreme Court never passed upon a federal issue. In *Santos,* the appellant did raise a federal due process issue in its motion for new trial, but

failed to raise the issue in its opening brief on appeal to the CNMI Supreme Court. A possible federal question was raised for the first time in the appellant's reply brief filed with the CNMI Supreme Court, in which the appellant claimed that the award of punitive damages violated "due process," without specifying reliance on the federal or the CNMI Constitution. *Santos* held that this was insufficient to support jurisdiction in our court. Under *Santos,* Castro's present contention on appeal that the CNMI Supreme Court's decision was "untenable" and thereby violated due process is insufficient to invoke this court's jurisdiction absent Castro's having raised a federal claim below. *See id.*

Castro in fact concedes that "if the standard for determining jurisdiction is that set forth in *Santos,* then it is correct that this appeal does not have everything which that opinion requires for reviewability." Castro contends, however, that *Santos* is wrongly decided and that under prior Ninth Circuit precedent as represented by *Ferreira v. Borja,* 1 F.3d 960 (9th Cir.1993) (*"Ferreira I"*) [1] jurisdiction exists.

While *Santos* arguably takes a less expansive approach to jurisdiction than *Ferreira I,* it can easily be reconciled with *Ferreira I,* at least under the facts of this case. Accordingly, *Santos* is controlling. *See United States v. Gay,* 967 F.2d 322, 327 (9th Cir.) (stating that absent intervening Supreme Court authority, "one three-judge panel of this court cannot reconsider or overrule the decision of a prior panel"), *cert. denied,* 506 U.S. 929, 113 S.Ct. 359, 121 L.Ed.2d 272 (1992).

In *Ferreira I,* the appellants challenged, among other things, the CNMI Supreme Court's application of the common law resulting trust doctrine. The appellees contended that the Ninth Circuit could not review this issue because even "if the Court's analysis is incorrect in any way, it is solely and completely a matter of Commonwealth law." *Ferreira I,* 1 F.3d at 962 (quoting Appellees' Brief). This court agreed that the CNMI Supreme Court is, "of course," the "ultimate

expositor of local Northern Mariana law." *Id.* (internal quotation omitted). "However, we may examine the CNMI court's interpretation of CNMI law if that interpretation is "'untenable or amounts to a subterfuge to avoid federal review of a constitutional violation.'"" *Id.* (quoting *Taylor v. Kincheloe,* 920 F.2d 599, 609 (9th Cir.1990) (quoting *Oxborrow v. Eikenberry,* 877 F.2d 1395, 1399 (9th Cir.), *cert. denied,* 493 U.S. 942, 110 S.Ct. 344, 107 L.Ed.2d 332 (1989))).

■ *Ferreira I*'s "untenable" language lends itself to a certain ambiguity. *Ferreira I*'s reference to our ability to review "untenable" decisions of the CNMI Supreme Court on matters of local law could be read to suggest that patently erroneous decisions of CNMI law are reviewable by our court, even absent a federal Constitutional or statutory issue. However, in light of 48 U.S.C. § 1824(a)'s provision that this court has jurisdiction to review CNMI Supreme Court judgments only in "cases involving the Constitution, treaties, or laws of the United States," and *Santos*'s holding that we have jurisdiction only over CNMI appeals properly raising a federal question below, we believe that *Ferreira I* cannot be interpreted as holding that the Ninth Circuit has jurisdiction over all "untenable" decisions of local law. Rather, the Ninth Circuit has jurisdiction only over those "untenable" decisions of local law that implicate an appellant's federal rights. An erroneous decision of local law, even if so erroneous that we could call it untenable, does not of its own force create jurisdiction for us to review. *See Sablan v. Manglona,* 938 F.2d 970, 971–72 (9th Cir. 1991) (stating that the Ninth Circuit has jurisdiction only over CNMI Supreme Court decisions involving federal law). In the instant case, no federal issue is implicated by the CNMI Supreme Court's decision that the security guards were independent contractors rather than employees and that the Hotel therefore cannot be held vicariously liable for their actions-even were we to believe that

---

1. In *Ferreira I,* this court vacated and remanded the CNMI Supreme Court's decision in favor of the defendants, concluding that the court's application of the common law resulting trust doctrine was untenable and unconstitutionally served to deprive the plaintiff of a property interest. On remand, the CNMI Supreme Court ruled in favor of the plaintiff. We recently affirmed the CNMI Supreme Court's decision. *Ferreira v. Borja,* 93 F.3d 671 (9th Cir.1996) (*"Ferreira II"*).

the CNMI Supreme Court had seriously misconstrued the applicable law. Accordingly, we lack jurisdiction over the appeal.

**APPEAL DISMISSED.**