106 F.3d 406
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Juan B. BABAUTA; Jose B. Babauta, Petitioners-Appellants,
v.
COMMONWEALTH OF the NORTHERN MARIANA ISLANDS; Commonwealth
of the Northern Mariana Islands, Superior Court,
Respondents-Appellees.
 No. 96-15095.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 10, 1996.
Decided Jan. 16, 1997.
 
 Before: BROWNING, SKOPIL, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Juan and Jose Babauta appeal from a decision by the Supreme Court of the Commonwealth of the Northern Mariana Islands (CNMI) denying their petition for a Writ of Mandamus to direct the CNMI superior court to hold a preliminary examination in their criminal case. The Babautas contend that the superior court's imposition of bail conditions without a preliminary examination denied them due process, equal protection, and Fourth Amendment rights. After the CNMI Supreme Court denied their petition, this appeal timely followed. We affirm.
 
 I. Jurisdiction
 
 3
 Our jurisdiction is limited to reviewing CNMI Supreme Court judgments in "cases involving the Constitution, treaties, or laws of the United States." 48 U.S.C. § 1801 (Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America, art. IV, § 403(a)) (codified as amended 48 U.S.C. § 1824(a)). Under this standard we have "jurisdiction only over those 'untenable' decisions of local law that implicate an appellant's federal rights." Castro v. Hotel Nikko Saipan, Inc., 96 F.3d 1259, 1261 (9th Cir.1996). Thus, an erroneous decision of local law, even one that we might consider untenable, "does not of its own force create jurisdiction for us to review." Id.
 
 
 4
 Applying that standard to this case, it is clear that we do not have jurisdiction to review the CNMI Supreme Court's analysis of local law. That is, we will not consider whether that court correctly decided that petitioners are not entitled under local law to a preliminary examination. We are limited in this case to determining whether that conclusion violates petitioners' federal rights.
 
 
 5
 Petitioners assert that the denial of a preliminary examination violates their federal constitutional rights regarding due process, equal protection, and unlawful seizure. There is no dispute, however, that their equal protection argument is raised for the first time on appeal to this court, and thus we decline to review that issue. See Santos v. Nansay Micronesia, Inc., 76 F.3d 299, 301-02 (9th Cir.1996) (declining to address federal constitutional claims that were neither raised before nor decided by the CNMI Supreme Court).
 
 II. Merits
 
 6
 Petitioners contend that the deprivation of liberty interests imposed upon them amounts to a seizure under the Fourth Amendment that entitles them to a preliminary examination. The CNMI Supreme Court rejected that proposition, reasoning that pursuant to Gerstein v. Pugh, 420 U.S. 103, 123 (1975), the Fourth Amendment requires only that petitioners' arrests be supported by probable cause determinations. The court correctly concluded that the fact that petitioners were arrested pursuant to warrants satisfies this probable cause requirement, and thus petitioners are not entitled as a matter of federal constitutional law to an additional hearing in the form of a preliminary examination.
 
 
 7
 The CNMI Supreme Court also acknowledged, "as a matter of due process under the 5th and 14th Amendments," that suspects are entitled to certain pretrial hearings. The court rejected petitioners' entitlement, however, to a preliminary examination, reasoning that such a hearing is not required when an individual is arrested pursuant to a warrant. We agree. Only a probable cause determination is required. Gerstein, 420 U.S. at 125 (state must "provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty"). No other hearing is constitutionally mandated. See id. at 125 n. 27 (noting that Fourth Amendment subsumes a due process analysis because the Amendment serves to "define the 'process that is due' for seizures of persons."); Austin v. United States, 408 F.2d 808, 810 (9th Cir.1969) (defendant is deprived of no substantial rights when a preliminary examination is not conducted); see also United States v. Aranda-Hernandez, 95 F.3d 977, 979-80 (10th Cir.1996) (there is no federal constitutional right to a preliminary examination--"[d]ue process attaches only to a right to a judicial determination of probable cause").
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3