114 F.3d 1194
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Guadalupe P. MANGLONA, Plaintiff-Appellee,
v.
Margarita R. TENORIO, Defendant,
Theodore R. Mitchell, Real Party in Interest-Appellant.
 No. 96-15259.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 7, 1997.*
Decided May 15, 1997.
 
 Before: NORRIS, HALL and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This is an appeal from an order of the Superior Court for the Commonwealth of the Northern Mariana Islands (CNMI), ordering defendant's attorney, appellant Mitchell, to reimburse plaintiff $1,392.75 in attorney's fees, which the court attributed to Mitchell's discovery lapse. The CNMI Supreme Court affirmed the order of the Superior Court. Mitchell now appeals to this court. At the outset, we confront appellee Manglona's assertion that we lack jurisdiction to review all but one of the issues raised by Mitchell.
 
 
 3
 Mitchell raises three issues in his opening brief: (1) The sanctions order must be set aside because it lacks a substantive legal basis; (2) Sanctions cannot be imposed without prior notice and hearing; and (3) The amount of the sanctions award is excessive. Our jurisdiction over appeals from the CNMI Supreme Court is set forth in 48 U.S.C. § 1824(a), and § 403 of the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America, reprinted in 48 U.S.C. § 1801 note. Under these provisions, we have jurisdiction over appeals "in all cases involving the Constitution, treaties, or laws of the United States, or any authority exercised thereunder." 48 U.S.C. § 1824(a). See Diamond Hotel Co. v. Matsunaga, 99 F.3d 296, 298 (9th Cir.1996). While the jurisdictional statute refers to "all cases " (emphasis added), we have construed the statute to limit our jurisdiction on an issue-by-issue basis. Ferreira v. Borja, 93 F.3d 671, 673 (9th Cir.1996) (holding jurisdiction existed to decide only one of three issues tendered), cert. denied, 117 S.Ct. 972 (1997).
 
 
 4
 Here, plaintiff concedes, and we agree, that jurisdiction exists to review issue (2), which is plainly a procedural due process issue--the right to a hearing before sanctions are imposed. However, we also agree with plaintiff that we lack jurisdiction to decide the remaining two issues. They do not involve the United States Constitution or any law of the United States.[1] Mitchell's argument that the sanctions order "lacks a substantive legal basis," is no different than the argument that a decision is "untenable." However, such decisions on local law matters are not reviewable by this court even though they may be "patently erroneous decisions of CNMI law." Castro v. Hotel Nikko Saipan, Inc., 96 F.3d 1259, 1261 (9th Cir.1996). The only kind of "untenable" decision of local law we may review is if such a decision "amounts to a subterfuge to avoid federal review of a constitutional violation." Id. (quotations omitted). No such subterfuge is involved here. The Supreme Court of CNMI's discussion of issues (1) and (3) is a straightforward analysis of local law, and an application of that law to the facts. Thus, we lack jurisdiction to review its decision on those issues.[2]
 
 
 5
 With respect to issue (2), the CNMI Supreme Court held that the Superior Court's reconsideration of its original sanctions order, and reducing the amount of the sanction from $2,092.75 to $1,392.75, cured any prejudice from a due process violation arising from the nature of the original sanctions proceeding. The reconsideration was on Mitchell's motion and considered all of the points raised by him, including the alleged excessiveness of the amount. We, thus, agree with the CNMI Supreme Court that, upon reconsideration, Mitchell was afforded due process. See Wade v. State Bar (In re Wade), 948 F.2d 1122, 1125 (9th Cir.1991) (any due process deficiency arising from lack of hearing is cured when court considers arguments made and evidence proffered on motion for reconsideration).
 
 
 6
 The appeal is DISMISSED as to issues (1) and (3), and AFFIRMED on issue (2). Plaintiff shall recover of Mitchell her costs on appeal to this court.[3]
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Cases which involve only the CNMI Constitution or laws of the CNMI are not cases which involve the laws of the United States. Sablan v. Manglona, 938 F.2d 970, 971 (9th Cir.1991)
 
 
 [2]
 Mitchell raises for the first time in his Appellant's Reply Brief the contention that issues (1) and (3) are "issues of substantive due process." No such contention is made in the opening Brief of Appellant. We will not consider an issue raised for the first time in Appellant's Reply Brief. In re Pacific Enter. Sec. Litig., 47 F.3d 373, 379 n. 6 (9th Cir.1995). Mitchell also did not specify any such issue in his statement of jurisdiction which, under Ninth Cir.R. 6-1(b)(iv), was required to "include a separate paragraph which sets forth the constitutional provisions, treaties or laws of the United States ... which are involved in the case."
 
 
 [3]
 Plaintiff in her Brief of Appellee also requests "sanctions against Mr. Mitchell in the form of reasonable attorney's fees and costs in pursuing this appeal." This request is denied, except as to costs, for failure to comply with Fed.R.App.P. 38 (requiring "a separately filed motion")