Felicidad C. BODDY, Plaintiff–
Appellant,

v.

Jesus S. Leon GUERRERO; Eugenia A. Leon Guerrero; Mike Naholowaa; Ana M. Naholowaa, Defendants–Appellees.

No. 98–16086.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 29, 1999.

Decided June 3, 1999.

Douglas F. Cushnie, Saipan, MP, for the plaintiff-appellant.

John M. Chambers, Saipan, MP, for the defendants-appellees.

Before: FARRIS, NOONAN, and GRABER, Circuit Judges.

NOONAN, Circuit Judge:

Felicidad C. Boddy appeals from the judgment of the Supreme Court of the Commonwealth of the Northern Mariana Islands (CNMI). Her appeal alleges a denial of due process by that court. If there were substance to her allegation, we would have jurisdiction. Examining it to the extent necessary to see if there is substance, we find it insubstantial and accordingly dismiss this appeal for want of jurisdiction.

## FACTS AND PROCEEDINGS

In 1993 Boddy brought suit in the Superior Court of the CNMI against Mike and Ana Naholowaa, alleging that they had defrauded her in the sale of land in 1987. She obtained a jury verdict and was awarded compensatory damages of $210,000 and punitive damages of $21,000.

At trial Boddy had established the following: She was the owner of real property on the island of Rota. It had been announced that a Japanese company would develop a golf resort on adjacent land. Nearby landowners were reported to be getting good prices for their land. Boddy was working on Saipan for United Travel Agency; her boss was Ana Naholowaa. Ana suggested that Boddy contact Ana's husband Mike, who was the manager of the Saipan branch of the Bank of Guam and the president of the Saipan Chamber of Commerce. Boddy turned to Mike as a friend, telling him that she would like to sell her land for $250,000, as that was the price others were getting in the area. He told her that her land wasn't worth $250,000 and that the Japanese development would never get off the ground. She asked if he could get a buyer at $50,000. He said he thought he could. He contacted a broker and, in a few weeks, told her

that he had found a buyer who would pay $50,000 for the land.

The buyer in fact was the Chairman of the Bank of Guam, Mike's ultimate boss. He asked Mike to go to Rota and look at the land and see whether $50,000 for it would be a good deal. Mike visited Rota and reported that it would be a good deal. Mike did not disclose to Boddy who the purchaser would be. The sale was carried out through a warranty deed to Ana, with the name of the purchaser not being disclosed. Four years later Boddy learned his identity and brought this suit for fraud.

In April 1996, after the jury verdict against them, Mike and Ana appealed from the judgment of the Superior Court to the Supreme Court of the CNMI. They were represented by John A. Manglona. In June of 1997 the Supreme Court issued notice setting out the time and date of the oral argument and listing the panel who would hear oral argument in the case. The announced panel consisted of Ramon G. Villagomez, Pedro M. Atalig, and Juan T. Lizama. Lizama was a special judge appointed by the Supreme Court in exercise of its power to provide special judges when a regular justice is not available. Lizama at the time was representing Pedro M. Atalig in a separate CNMI case in which Atalig was accused of land fraud. Atalig himself was the second cousin of John Manglona. Justice Atalig's sister was married to Manglona's brother. Boddy raised no objection to the panel that was announced.

On September 17, 1997, in an opinion by Justice Villagomez, the panel unanimously reversed the judgment of the Superior Court and remanded for entry of judgment in favor of defendants. The court noted that the jury had been instructed "on the essential elements of fraud," and the instruction included the statement, "The defendant must have known that the representation was false when made or must have made the representation recklessly without knowing whether it was true or false." The court, however, held that Mike had only given an opinion that Boddy's land was not worth $250,000 and so had not made a representation as to a fact.

Boddy moved for rehearing, challenging the impartiality of the panel as well as the panel's treatment of the alleged fraud. On October 31, 1997, the panel denied the petition. The court noted that 1 N. Mar. I.Code § 3308(b)(5)(ii) requires recusal of a justice if he is related to an attorney in the case within the second degree of consanguinity. The court noted that Justice Atalig and John Manglona were in the sixth degree of consanguinity. It did not comment on the relation of their siblings, although it was obvious that they did not have any relationship requiring recusal within the terms of the statute. The court further took note of Boddy's claim that Justice Atalig and Special Judge Lizama had raised the standard for proving fraud and so had conferred upon themselves a benefit in the land fraud case in which Justice Atalig was a defendant and Lizama was his lawyer. The court did not discuss this case but observed that the law of the Northern Marianas had been accurately stated in *Pangelinan v. Itaman*, 4 N. Mar. I. 114, 1994 WL 111281 (1994), which had incorporated the teaching of the *Restatement (2d) of Torts* § 526 (1989 App.). The court stated that its decision in the *Boddy* case had not altered the standard.

Boddy appeals to this court. In her brief she alleges that she has been deprived of due process of law under the Constitution of the United States and under the Constitution of the CNMI. She also asserts that the CNMI Supreme Court erred in reversing the jury's verdict.

### ANALYSIS

■ We have jurisdiction to review judgments of the Supreme Court of the CNMI "in all cases involving the Constitution, treaties or laws of the United States." 48 U.S.C. § 1824(a); *Castro v. Hotel Nikko Saipan, Inc.*, 96 F.3d 1259, 1260 (9th Cir.1996). It is basic to the concept of due

process in the Constitution that a judge be impartial. As the common law expressed the requirement, if a judge has any pecuniary interest in a case or if a near relative is a party, the judge cannot act. *See Hall v. Thayer,* 105 Mass. 219, 221–22 (1870). The Supreme Court of the United States has elevated the principle to one of constitutional law. A criminal conviction before a judge with an interest in the fine is a void judgment. *See Tumey v. Ohio,* 273 U.S. 510, 523, 47 S.Ct. 437, 71 L.Ed. 749 (1927). A civil case in which a judge has the opportunity to make law favorable to his own case results in an unconstitutional judgment. *See Aetna Life Ins. Co. v. Lavoie,* 475 U.S. 813, 823–25, 106 S.Ct. 1580, 89 L.Ed.2d 823 (1986). A "necessary component of a fair trial is an impartial judge." *Weiss v. United States,* 510 U.S. 163, 178, 114 S.Ct. 752, 127 L.Ed.2d 1 (1994).

■ In the light of the established requirement, Boddy's allegation warrants examination, but more than allegation is necessary. The objection that a justice was the second cousin of the lawyer for a party not only fails to meet the standard set by the relevant recusal statute, but also falls far short of alleging the degree of connection normally thought to indicate bias. The same observation must be made of the in-laws whose connection is vaguely urged as relevant. Boddy asks us to think differently because the community is not large. This consideration, however, goes in the opposite direction. In a small community it will be hard to get judges who do not have some degree of kinship or relationship by marriage with members of the bar. The line drawn by the statute is sufficient, in common experience, to guard against the undue advantage that a blood tie might produce. The relationship of John Manglona to Justice Atalig does not support the allegation of denial of due process.

■ Boddy's other contention rests on an alleged connection between the fraud ruling in this case and issues in the fraud case in which Justice Atalig and Judge Lizama were engaged. Beyond the bare statement that the latter case involved a claim of fraud in the sale of land, Boddy has provided us nothing as to the nature of the case. The similarity of the issues in it to the issues decided in this case must be a matter of guesswork. No showing has been made that the opinion of the CNMI Supreme Court and its order on rehearing will have any impact on the case in which the justice and his lawyer were participants. The allegation, essentially a charge of pecuniary interest on the part of the judge, has not moved beyond the words of allegation. Nor has Boddy shown that she raised the issue as soon as she knew the facts alleged to require recusal. *See Aetna Life Ins. Co.,* 475 U.S. at 819, 106 S.Ct. 1580.

■ A fortiori the question of whether the CNMI Supreme Court's opinion, reversing the jury verdict for Boddy, was correct is an issue of local law affording us no jurisdiction. *See Castro,* 96 F.3d at 1261.

■ For the foregoing reasons, no substantial federal question has been presented, and the appeal must be dismissed for want of jurisdiction. We do not award the sanctions requested by the appellees, because Boddy's allegations provided her with a nonfrivolous argument for jurisdiction.

APPEAL DISMISSED.