NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 02 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | | |
|---|---|---|
| KINGS COUNTY, a political subdivision of the State of California; KINGS COUNTY FARM BUREAU; CALIFORNIA CITIZENS FOR HIGH-SPEED RAIL ACCOUNTABILITY; COMMUNITY COALITION ON HIGH-SPEED RAIL; CALIFORNIA RAIL FOUNDATION, a California Nonprofit Corporation; TRANSPORTATION SOLUTIONS DEFENSE AND EDUCATION FUND, a California Nonprofit Corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 15-71780 STB No. STB-FD-35861 MEMORANDUM* |
| Petitioners, | ) ) | |
| SURFACE TRANSPORTATION BOARD; UNITED STATES OF AMERICA, | ) ) ) ) | |
| Respondents. | ) ) ) | |
| CALIFORNIA HIGH SPEED RAIL AUTHORITY, | ) ) ) | |
| Respondent-Intervenor. | ) ) ) | |

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

On Petition for Review of an Order of the
Surface Transportation Board

Argued and Submitted July 12, 2017
Pasadena, California

Before: REINHARDT, FERNANDEZ, and WARDLAW, Circuit Judges.

Kings County and others[1] petition for review of a declaratory order of the United States Surface Transportation Board (hereafter the Board),[2] and the California High-Speed Rail Authority (hereafter the Authority) intervened. We dismiss for lack of jurisdiction.

We do have jurisdiction to determine our jurisdiction,[3] and, more specifically, we have jurisdiction "to determine the validity of . . . all rules, regulations, or final orders of [the Board]."[4] For an order to be final, its action must "[f]irst . . . mark the 'consummation' of the agency's decisionmaking

---

[1] The other petitioners are: Kings County Farm Bureau, California Citizens for High-Speed Rail Accountability, Community Coalition on High-Speed Rail, California Rail Foundation, and Transportation Solutions Defense and Education Fund.

[2] *Cal. High-Speed Rail Auth. — Petition for Declaratory Order*, No. 35861, 2014 WL 7149612 (S.T.B. Dec. 12, 2014) (hereafter Declaratory Order); *see also Cal. High-Speed Rail Auth. — Petition for Declaratory Order*, No. 35861, 2015 WL 2070594 (S.T.B. May 5, 2015).

[3] *See Sonoda v. Cabrera*, 189 F.3d 1047, 1050 (9th Cir. 1999); *see also United States v. Neil*, 312 F.3d 419, 421 (9th Cir. 2002).

[4] 28 U.S.C. § 2342(5).

2

process,"[5] and "second . . . be one by which 'rights or obligations have been determined,' or from which 'legal consequences will flow.'"[6] While it could be said that, in some sense, the agency has completed its decisionmaking process because it does not propose to do anything further at this time, it cannot be said that any rights or obligations have been determined or that legal consequences will flow from the Declaratory Order. On the contrary, the Declaratory Order is purely advisory and, therefore, is not final. *See Bennett*, 520 U.S. at 178, 117 S. Ct. at 1169 (actions that are "in no way binding on the [recipient], who had absolute discretion to accept or reject them [are advisory]"); *see also Dalton v. Specter*, 511 U.S. 462, 469, 114 S. Ct. 1719, 1724, 128 L. Ed. 2d 497 (1994); *Franklin v. Massachusetts*, 505 U.S. 788, 798–99, 112 S. Ct. 2767, 2774, 120 L. Ed. 2d 636 (1992).

That is shown by the terms of the Declaratory Order itself, where the Board stated that its purpose was merely to: "provide [its] views on the preemption issue"[7]; "inform interested parties and the California Supreme Court of [its]

---

[5]*Bennett v. Spear*, 520 U.S. 154, 177–78, 117 S. Ct. 1154, 1168, 137 L. Ed. 2d 281 (1997).

[6]*Id.* at 178, 117 S. Ct. at 1168.

[7]Declaratory Order, 2014 WL 7149612, at *3.

views"[8]; and "assist in the resolution of [a] conflict."[9]  It went on to explain that it was not speaking to issues of funding, or whether the Authority had "to comply with [the California Environmental Quality Act] as a condition of its funding."[10]

The Declaratory Order itself bound no one, not even the Board,[11] and was merely an expression of views which the California Supreme Court and others "had absolute discretion to accept or reject."  *Bennett*, 520 U.S. at 178, 117 S. Ct. at 1169.  We have neither Constitutional jurisdiction[12] nor statutory jurisdiction[13] because the Declaratory Order was not final.  Expressing our views regarding that order would amount to an advisory opinion, which would not resolve "concrete

---

[8]*Id.* at *4.

[9]*Id.*  As the Board indicated in its briefing and at oral argument, the Board simply meant to "provide guidance," and intended the Declaratory Order to be advisory only.

[10]*Id.* at *11; *see also Cal. High-Speed Rail Auth.— Constr. Exemption—In Fresno, Kings, Tulare, and Kern Ctys., Cal.*, No. 35724 (Sub-No. 1), 2014 WL 3973120, at *8 (S.T.B. August 12, 2014) (moving forward "with an approved project ultimately is in the hands of the applicant and its potential investors").

[11]We recognize that Board orders can be binding on others, but that does not mean that the one at hand is binding.  *See F.T.C. v. Standard Oil Co. of Cal.*, 449 U.S. 232, 243, 101 S. Ct. 488, 495, 66 L. Ed. 2d 416 (1980).  We cannot speculate on whether it might lend support to a binding decision some time in the  future.

[12]U.S. Const. art. III, § 2; *Golden v. Zwickler*, 394 U.S. 103, 108, 89 S. Ct. 956, 959, 22 L. Ed. 2d 113 (1969).

[13]28 U.S.C. § 2342(5).

4

legal issues, presented in actual cases, not abstractions."[14] Therefore, we must dismiss the petition.

Petition DISMISSED for lack of jurisdiction.

---

[14]*Golden*, 394 U.S. at 108, 89 S. Ct. at 959; *see also Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc) (internal quotation marks omitted).