**Transamerica (Saipan) Corporation,**
Plaintiff/Appellant,

**v.**

Concepcion S. **Wabol**, a.k.a.
Concepcion Wabol-Moteisou,
Defendant/Appellee.
Appeal No. 96-036
Civil Action No. 93-0441
January 21, 1999

Argued and Submitted April 15, 1998

Counsel for appellant: Eric S. Smith, Saipan.

Counsel for appellee: Theodore R. Mitchell and Jeanne H. Rayphand, Saipan.

BEFORE: DEMAPAN, Associate Justice,[1] TAYLOR[2] and VILLAGOMEZ, Justices *Pro Tem.*

DEMAPAN, Associate Justice:

¶1 ▪ Transamerica (Saipan) Corporation ("Transamerica") appeals the Superior Court's December 1, 1994, order granting summary judgment in favor of Concepcion Wabol ("Wabol"). We have jurisdiction pursuant to Article IV, § 3 of the Commonwealth Constitution. N.M.I. Const. art. IV, § 3 (1997). We affirm.

## ISSUE PRESENTED AND STANDARD OF REVIEW

¶2 ▪ The sole issue before this Court is whether the Superior Court erred in granting summary judgment in favor of Wabol against Transamerica. We review a summary judgment motion de novo. *Diamond Hotel, Co., Ltd. v. Matsunaga,* 4 N.M.I. 213, 216 (1995), aff'd, 99 F.3d 296 (9th Cir. 1996).

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 This case involves a dispute over a entered in 1978 [*Wabol I*] and includes a long and complicated procedural history. *Wabol I* was filed in 1984 by appellee Concepcion S. Wabol and her brother Elias S. Wabol, now deceased, as an action for money damages, for declaratory judgment and for ejectment. The *Wabol I* complaint sought from Filomena Muna ("Muna"), Wabol's sister, the rent paid to Muna by Philippine Goods for the use of the Wabols' land, and alternatively, from Philippine Goods and Transamerica, the reasonable and fair rental for the possession of the Wabols' land commencing in 1981.

¶4 *Wabol I* became final on December 7, 1992, when the

United States Supreme Court denied Transamerica's petition for certiorari.[3] This Court issued its own mandate to the Superior Court after receiving the *Wabol I* mandate from the Ninth Circuit Court of Appeals on April 4, 1994. Having received this Court's mandate, the Superior Court on April 14, 1994, entered judgment against the defendants, declaring "that the lease of August 18, 1978, is void ab initio and the plaintiffs to be entitled to exclusive possession of Lots 1897 B-3 and B-4."[4]

¶5 Thereafter, on May 26, 1994, the Superior Court determined that *Wabol I* "was reduced to a final judgment on December 7, 1992, when the United States Supreme Court denied the defendants' petition for writ of certiorari."[5] In the same decision, the court also found that "[b]ecause defendant Transamerica has not filed any affirmative defense with respect to the alleged 1991 leases with the plaintiff and other parties, the Court is now powerless to adjudicate any such defense."[6]

¶6 Transamerica filed a complaint on March 30, 1993, for specific performance against Wabol for a lease entered into between Wabol and Transamerica in 1991 ("the 1991 lease").[7] The real property described in the 1991 lease is

---

[1] The Honorable Miguel S. Demapan was sitting as Justice *Pro Tem* when this appeal was argued and submitted, and has subsequently been appointed to the Supreme Court as an Associate Justice.

[2] The Honorable Marty W.K. Taylor was sitting as Chief Justice when this appeal was argued and submitted, and has subsequently been appointed to the panel as Justice *Pro Tem* as a result of his retirement effective December 5, 1998.

[3] Superior Court Civil Action No. 84-0397, *Wabol v. Villacrusis,* 2 CR 231 (C.T.C. 1985), 2 CR 963 (App. Div. 1987), 898 F.2d 1381 (9th Cir. 1990), *amended opinion,* 908 F.2d 411 (9th Cir. 1990), *amended opinion,* 958 F.2d 1450 (9th Cir. 1992), *cert. denied sub. nom., Philippine Goods v. Wabol,* 113 S.Ct. 674 (1992).

[4] *Wabol v. Villacrusis,* Civil Action No. 84-0397 (N.M.I. Super. Ct. April 19, 1994).

[5] *Wabol v. Villacrusis,* Civil Action No. 84-0397 (N.M.I. Super. Ct. May 26, 1994) (Order of Defendants' Motions for Stay Pending Appeal and Plaintiffs' Motion for Writ of Possession at 3).

[6] *Id.*

[7] Transamerica is the "Lessee" and Wabol is the "Lessor." The relevant portions of the 1991 lease are as follows:

Section 2. TERM OF LEASE

This lease is for a term of fifty-five (55) years, commencing upon the date of execution . . . . However, both parties agree that this lease shall be conditional upon the rendering of a decision in the case of Wabol v. Villacrusis, presently before the Ninth Circuit Court, is decided [*sic*]. which decision shall be in favor of Transamerica and against Philippine Goods; and if the decision should be otherwise, Lessee shall have the option to cancel this lease in accordance with Section 19 of this Lease Agreement.

(continued...)

identical to the disputed property involved in the 1978 lease, but provides for a rental agreement of ten times higher than the amount of rent embodied in the 1978 lease[8] and was to take effect if the 1978 lease was declared void *ab initio*. Subsequent to the United States Supreme Court's denial of certiorari in *Wabol I*, when Transamerica attempted to pay Wabol the amount owed under the 1991 lease, Wabol refused. Transamerica then deposited the rental amount in a trust account pending the outcome of Transamerica's complaint for specific performance of the 1991 lease. The Superior Court ultimately granted summary judgment in favor of Wabol on the basis that Transamerica's complaint is barred by the doctrine of res judicata. Transamerica timely appealed.

## ANALYSIS

**The Superior Court did not err in granting summary judgment in favor of Wabol against Transamerica.**

---

(...continued)
Section 19. DECISION BY THE NINTH CIRCUIT

Both Lessor and Lessee understand that this Lease Agreement is conditional upon a favorable decision in the case of Wabol v. Villacrusis, which case is presently before the Ninth Circuit Court of Appeals. In the event of a decision in that case which is favorable to Lessee, this lease shall have full effect . . .
In the event of a decision which is not favorable to Lessee, Lessee may, at its option, cancel this Lease Agreement. Lessee shall give notice of such cancellation to Lessor within sixty (60) days of such unfavorable decision, and Lessor shall keep the $500.00 paid at the time of the execution of this Lease Agreement Agreement [*sic*], but Lessor shall not be entitled to any other monies.

In the event that the case should be appealed to the Supreme Court of the United States, Lessee may either cancel the lease, or may postpone choosing between continuation or cancellation until sixty (60) days after that Court should render a final and unappealable decision in the matter. In the even tthat [*sic*] the case should be remanded to a lower court, Lessee may postpone choosing between continuation or cancellation until sixty (60) days after that lower court should render its decision.

Excerpts of Record ("E.R.") 72, 81-82.

[8] Transamerica agreed to pay Wabol fifty cents per month, per square meter, for a minimum of 2,490 square meters. The rental also shall be increased every five years by ten percent. The lease also provided for Transamerica to pay Wabol, within sixty days after the Ninth Circuit Court renders a favorable decision, the first five years of rental payments. for a total of $74,700. E.R. 73.

A. *Transamerica does not have any right of possession to the Wabol's land.*

¶7 *Wabol I* has already determined that Transamerica does not have any right of possession to the Wabol's land.

¶8 While the appeals of *Wabol I* were still pending, Transamerica, realizing that it might lose its right to exclusive possession of the Wabols' land by having their original 1978 lease declared unconstitutional, entered into a 1991 lease agreement with Wabol which gave Transamerica the exclusive right, at its own option, to re-enter the premises in the event that the courts declared the lease void ab initio. Such an agreement, while not carefully labeled "accord and satisfaction," operates as such a defense.

¶9 ██ An accord and satisfaction is an affirmative defense and must be pleaded affirmatively. Com. R. Civ. P. 8(c). Generally, an accord and satisfaction is an agreement between the parties, who are also parties to a previous agreement, in which claims and obligations that have arisen under prior agreement are substituted by a second or subsequent agreement. The new agreement is called an accord and the subsequent performance is the satisfaction. *Milgard Tempering Inc. v. Selas Corp. of America*, 902 F.2d 703, 712 (9th Cir. 1990). The 1991 lease agreement was identical to the 1978 agreement with the exception of an increase in monthly rental payments. The 1991 lease was an attempt to satisfy a preexisting obligation between the parties and therefore, operated as an accord and satisfaction. Transamerica's failure to include the 1991 lease as an affirmative defense in their pleadings was simply poor lawyering. Because the parties failed to introduce the 1991 lease previously, the affirmative defense of accord and satisfaction is now waived.

B. *The Doctrine of Res Judicata Bars the Present Claim.*

¶10 ██ In general, the doctrine of res judicata provides that

when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." The judgment puts an end to the cause of action which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment.

*Santos v. Santos*, 3 N.M.I. 39, 48 (1992) (internal citations

omitted).

¶11 ▓ Res judicata bars the present claim because the courts have consistently held the 1978 lease unconstitutional as violating Article XII's restrictions on the alienation of land. Wabol is presently entitled to exclusive possession of her property as stated by the Appellate Division in 1987, as affirmed by the Ninth Circuit in 1992, and by the United States Supreme Court's denial of certiorari in 1992. This case has been litigated since 1984 for over 15 years, and should now be properly put to rest.

### CONCLUSION

¶12 For the foregoing reasons, we hereby **AFFIRM** the Superior Court's Order granting summary judgment in favor of Wabol.