Rita C. SABLAN, et al.,
Plaintiffs–Appellants,

v.

Guadalupe P. MANGLONA,*
Defendant–Appellee.

No. 90–16723.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 13, 1991.

Decided July 10, 1991.

Douglas F. Cushnie, Saipan, MP, for plaintiffs-appellants.

David A. Wiseman, Wiseman and Eason, Saipan, MP, for defendant-appellee.

Before HUG, SCHROEDER and WIGGINS, Circuit Judges.

---

* Guadalupe P. Manglona is the only remaining defendant involved in this appeal.

SCHROEDER, Circuit Judge:

This is an appeal from the Supreme Court of the Commonwealth of the Northern Mariana Islands ("CNMI") pursuant to 48 U.S.C. § 1694c(a). Appellant Rita C. Sablan and other members of her family filed this action in the trial court of the CNMI to quiet title against Guadalupe Manglona. Appellants alleged ownership of two parcels of land located on the Island of Saipan. They contended that Manglona's claim to these parcels is invalid because she is not a person of CNMI descent, and under Article XII of the CNMI Constitution, is prohibited from holding fee simple title to real property in the CNMI. The trial court held that appellants' claims were barred by res judicata. The Supreme Court of the CNMI affirmed, and denied appellants' petition for rehearing. Appellants now appeal to this court.

The dispositive issue presented by this appeal is one of jurisdiction. This court's jurisdiction over appeals from the CNMI courts is established by section 403(a) of the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America, Pub.L. 94–241, 90 Stat. 263 (March 24, 1976) ("the Covenant"). Section 403(a) of the Covenant provides in relevant part:

> [F]or the first fifteen years following the establishment of an appellate court of the Northern Mariana Islands the United States court of appeals for the judicial circuit which includes the Northern Mariana Islands shall have jurisdiction of appeals from all final decisions of the highest court of the Northern Mariana Islands from which a decision could be had in all cases involving the Constitution, treaties, or laws of the United States, or any authority exercised thereunder, unless those cases are reviewable in the District Court for the Northern Mariana Islands pursuant to section 1694b of this title.

48 U.S.C. § 1694c(a) (codifying section 403(a) of the Covenant).

Section 403(a) of the Covenant clearly provides for a limited period of review jurisdiction in the Ninth Circuit. *See Wabol v.*

*Villacrusis,* 898 F.2d 1381, 1387–88, *amended,* 908 F.2d 411, 412–13 (9th Cir. 1990). Appellee contends we lack mandatory appellate jurisdiction and should not exercise discretionary jurisdiction over the questions in this case. This court has not yet issued any ruling as to whether the appropriate procedure for review of decisions of the CNMI Supreme Court is by writ of certiorari or by appeal as of right. We need not reach that issue in this case, however. The Covenant as codified vests jurisdiction in this court only over "cases involving the Constitution, treaties, or laws of the United States, or any authority exercised thereunder...." 48 U.S.C. § 1694c(a).

The issue here is whether this is a case "involving the Constitution, treaties or laws of the United States or any authority exercised thereunder." Appellants claim it is such a case even though the underlying action seeks only to enforce a provision of the CNMI Constitution. Appellants point out that Article XII of the CNMI Constitution, upon which their claim is based, was authorized by section 805 of the Covenant. The Covenant, they note, was adopted by the United States Congress. Appellants thus contend that any case involving a provision deriving its validity from the Covenant is a case "involving the Constitution, treaties, or laws of the United States, or any authority exercised thereunder."

We have rejected such an expansive interpretation of our jurisdiction over actions arising from the CNMI courts. In *Camacho v. Civil Serv. Comm'n,* 666 F.2d 1257, 1262 (9th Cir.1982), we declined to adopt a rule "that every case which somehow implicates the Covenant is necessarily a case arising under federal law." We noted that "[t]he whole government and laws of the Northern Mariana Islands are, in a sense, creatures of the Covenant" and expressed our reluctance to abolish any meaningful distinction between federal law and local law in the CNMI. *Id.* This reasoning is equally applicable here.

Here, not only was the CNMI Supreme Court's decision based solely on principles of local law, but no party ever raised a

claim based upon a provision of the United States Constitution or a federal statute. This is not a case involving federal law. Therefore, we lack jurisdiction of this appeal and dismiss.

DISMISSED.