**DIAMOND HOTEL CO., LTD.,**
**Plaintiff–Appellee,**

v.

**Elizabeth Blanco MATSUNAGA,**
**Defendant–Appellant.**

**No. 95–15312.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 6, 1996.

Decided Oct. 25, 1996.

---

Frank Lee Nelson, Law Office of John T. Lizama, Saipan, CM, for plaintiff-appellee.

Douglas F. Cushnie, Robert W. Jones, Law Offices of Douglas F. Cushnie, Saipan, CM, for defendant-appellant.

Before: FLETCHER, D.W. NELSON and CANBY, Circuit Judges.

CANBY, Circuit Judge:

Elizabeth Blanco Matsunaga appeals the decision of the Supreme Court of the Commonwealth of the Northern Mariana Islands ("CNMI" or "Commonwealth"). She argues that a provision of a lease agreement that violates Article XII, § 1, of the Commonwealth Constitution renders the entire lease void ab initio. We dismiss for lack of jurisdiction.

## I.

Matsunaga's brother, Manases B. Matsunaga, owned real property in Saipan. He leased the property to Diamond Hotel for a term of 55 years. Paragraph 21 of the lease provided that Diamond Hotel would have the option to extend the lease for an additional 35 years if the law of the Commonwealth should be changed so as to permit a person not of Northern Mariana Islands descent to hold a leasehold term for longer than 55 years. Paragraph 34 of the lease provides that if any provision of the agreement is held invalid, that provision should be severed from the agreement. After Manases Matsunaga died, Elizabeth Matsunaga succeeded him to all rights in and title to the leased premises.

Diamond Hotel filed a complaint against Elizabeth Matsunaga for declaratory judgment that the option to extend the lease term does not violate Article XII of the Commonwealth Constitution. Under Article XII, § 1, "The acquisition of permanent and long-term interests in real property within the Commonwealth shall be restricted to persons of Northern Mariana descent." Under Article XII, § 3, "The term permanent and long-term interests in real property used in Section 1 includes freehold interests and leasehold interests of more than fifty-five years including renewal rights.... Any land transaction in violation of this provision shall be void." Article XII, § 6, provides that "[a]ny transaction made in violation of Section 1 shall be void ab initio."

The Superior Court ruled that paragraph 21 of the lease agreement constitutes a renewal right to extend the lease term beyond the allowed 55 years. It held that because Diamond Hotel is not a person of Northern Mariana Islands descent, the lease agreement violates Article XII. The Commonwealth Supreme Court reversed and remanded, holding that although paragraph 21 is a

renewal right which violates Article XII, paragraph 21 is severable from the rest of the lease agreement. Matsunaga appeals.

## II.

Matsunaga claims that this court has jurisdiction over this appeal under 48 U.S.C. § 1824(a) (1994) (formerly 48 U.S.C. § 1694(c)) and section 403 of the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America ("Covenant"), P.L. 94–241, 90 Stat. 263, *reprinted as amended,* 48 U.S.C. 1801 note (1994) (formerly 48 U.S.C. § 1681). Under these provisions, this court has jurisdiction over appeals from the Supreme Court of the Northern Mariana Islands in "all cases involving the Constitution, treaties, or laws of the United States." 48 U.S.C. § 1824(a) (1996); Covenant, section 403.

Matsunaga argues that we have jurisdiction because the Commonwealth Supreme Court's decision violates section 805(a) of the Covenant, a treaty of the United States. This section authorizes restrictions on alienation of land to persons not of Northern Mariana Islands descent.[1] Although the Covenant provides for restrictions on alienation, the Commonwealth Supreme Court based its decision on its interpretation of the portion of the Commonwealth Constitution that implements section 805(a) of the Covenant. Thus, the primary issue in this case involves an interpretation of Article XII of the Commonwealth Constitution. *Camacho v. Civil Service Comm'n,* 666 F.2d 1257, 1262 (9th Cir.1982). The Covenant is only peripherally involved. *Id.; see also Sablan v. Manglona,* 938 F.2d 970 (9th Cir.1991) (holding that we lack jurisdiction over an appeal involving Article XII of the CNMI Constitu-

tion, even though Article XII was authorized by section 805 of the Covenant).

## III.

Matsunaga also argues that this court has jurisdiction because the CNMI Supreme Court's opinion is untenable. *Ferreira v. Borja,* 1 F.3d 960, 962 (9th Cir.1993). This court has jurisdiction only over those untenable decisions of local law that violate or frustrate an appellant's federal rights. *Castro v. Hotel Nikko,* 96 F.3d 1259 (1996). Federal rights are not implicated here. As we previously pointed out, the Covenant is only peripherally involved. Nor are federal constitutional rights involved. Matsunaga's argument that Article 12 of the Commonwealth Constitution violates the Fourteenth Amendment of the United States Constitution has been resolved and is not an issue here. *See Wabol v. Villacrusis,* 958 F.2d 1450, 1462 (9th Cir.1990), *cert. denied,* 506 U.S. 1027, 113 S.Ct. 675, 121 L.Ed.2d 598 (1992), (holding that Article XII of the Commonwealth *Constitution does not violate the equal protection clause of the United States Constitution*).

## IV.

We DISMISS the appeal for lack of a genuine federal issue.

**APPEAL DISMISSED.**

---

1. The text of Section 805(a) of the Covenant reads:

   Except as otherwise provided in this Article, and notwithstanding the other provisions of this Covenant, or those provisions of the Constitution, treaties or laws of the United States applicable to the Northern Mariana Islands, the Government of the Northern Mariana Islands, in view of the importance of the ownership of land for the culture and traditions of the people of the Northern Mariana Islands,

   and in order to protect them against exploitation and to promote their economic advancement and self-sufficiency:

   (a) will until twenty-five years after the termination of the Trusteeship Agreement, and may thereafter, regulate the alienation of permanent and long-term interests in real property so as to restrict the acquisition of such interests to persons of Northern Mariana Islands descent. . . .