Mary Anne S. MILNE, Plaintiff–
Appellant,

v.

Larry L. HILLBLOM, Defendant,

and

San Roque Beach Development Company,
Ltd., Defendant–Appellee.

No. 97–16618.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 1998.

Decided Jan. 19, 1999.

Theodore R. Mitchell and Jeanne H. Rayshand, Saipan, MP, for plaintiff-appellant.

David A. Mair, Mair, Mair, Spade & Thompson, Saipan, MP, for defendant-appellee.

John F. Biehl and Juliana C. Sandvold, Carlsmith, Ball, Wichman, Murray, Case & Ichiki, Saipan, MP, for amicus.

Before: ALFRED T. GOODWIN, CHARLES WIGGINS, and T.G. NELSON, Circuit Judges.

T.G. NELSON, Circuit Judge:

Mary Anne S. Milne appeals the decision of the Supreme Court of the Commonwealth of the Northern Mariana Islands ("CNMI") to affirm the superior court's grant of summary judgment in favor of defendant, San Roque Beach Development Co., Ltd. ("SRBD"). Milne fails to raise a federal issue, and we dismiss for lack of jurisdiction.

I.

On December 24, 1984, Milne entered into a contract to sell a parcel of land located in CNMI to SRBD. She subsequently conveyed the land to SRBD by quitclaim deed on January 7, 1985. Under the CNMI Constitution, only persons of Northern Marianas descent (NMD) can own land in the CNMI. *See* CNMI Const. art. XII, § 1. At the time of the sale of the land, a corporation was considered to be an NMD and could therefore acquire land if it: (1) was incorporated in the commonwealth; (2) maintained its principal place of business in the commonwealth; (3) had directors, 51% percent of whom were NMDs; and (4) had voting shares, 51% percent of which were owned by NMDs. *See* CNMI Const. art. XII, § 5 (amended 1986).[1]

SRBD was formed in 1983 when it filed its articles of incorporation with the office of the registrar of corporations of CNMI. The articles of incorporation stated that SRBD's principal place of business was Saipan. Its board of directors consisted of Larry L. Hillblom, a non-NMD; Manuel S. Villagomez, an NMD; and Debra P. Diaz, also an NMD. SRBD issued 1000 shares of common stock. Hillblom owned 490 shares, Villagomez 260 shares, and Diaz 250 shares. Hillblom constructed a home, which he used as his pri-

---

1. The CNMI Constitution was subsequently amended in 1986 to require that 100% of its directors be NMDs and 100% of its stock be owned by NMDs in order for the corporation to be considered an NMD. There is no retroactive application of this change. *See* CNMI Const. art. XII, § 5.

mary residence, on the land purchased from Milne.

Milne brought an action against Hillblom and SRBD to regain title to the land, alleging that the earlier transfer violated Article XII of the CNMI Constitution. Milne contended that SRBD was actually the alter ego of Hillblom and, therefore, not a valid NMD corporation. During the course of litigation, Hillblom died in an airplane crash, and William I. Webster, the special administrator for Hillblom's estate, was substituted as a defendant.

Both Hillblom's estate and SRBD moved for summary judgment in superior court of CNMI.[2] Milne did not oppose the estate's motion, which the superior court granted.[3] The superior court also granted summary judgment to SRBD, relying in part on CNMI Public Law 8–32 (2 N. Mar. I.Code § 4973).[4] Milne appealed to the CNMI Supreme Court, which affirmed the superior court's decision without relying on CNMI Public Law 8–32 ("PL 8–32").

## II.

■ This court determines its jurisdiction de novo. *Wabol v. Villacrusis,* 11 F.3d 124, 125 (9th Cir.1993). "We analyze federal question jurisdiction with reference to the well-pleaded complaint rule." *Yokeno v.*

*Mafnas,* 973 F.2d 803, 807 (9th Cir.1992). "Under this rule, a complaint for coercive relief properly invokes federal jurisdiction where its well-pleaded allegations raise a substantial issue of federal law." *Id.*

## III.

■ This court has jurisdiction over "appeals from all final decisions of the highest court of the [CNMI] from which a decision could be had in all cases involving the Constitution, treaties, or laws of the United States. ..." 48 U.S.C. § 1824(a). "Our jurisdiction over appeals from judgments of the CNMI Supreme Court is similar to the U.S. Supreme Court's jurisdiction over the decisions of the highest state courts. ..." *Santos v. Nansay Micronesia, Inc.,* 76 F.3d 299, 301 (9th Cir.1996).

### A. *The CNMI Supreme Court applied only local law in reaching its decision.*

■ Milne challenged the constitutionality of PL 8–32, which the superior court relied on in reaching its decision, in her appeal to the CNMI Supreme Court. The CNMI Supreme Court, however, specifically declined to address the constitutionality of PL 8–32. Instead, the court held that the issue of whether SRBD was a valid NMD corporation could be decided without applying PL 8–32.[5]

2. The estate represented that Hillblom possessed a tenancy at will over the property which terminated upon his death. The estate was not in the chain of title and did not assert an interest in the property.

3. Milne also did not oppose the estate's motion for dismissal of her appeal to the CNMI Supreme Court. The CNMI Supreme Court granted the estate's motion.

4. CNMI Public Law 8–32 (2 N. Mar. I.Code §§ 4941–4992) was passed by the CNMI legislature to deal with actions concerning Article XII of the CNMI Constitution. *See* 2 N. Mar. I.Code § 4972. The legislature felt that increased litigation concerning property acquired by NMD corporations was adversely affecting the CNMI economy. *See id.* § 4941 comm'n cmt. The law limits contingent fees (§ 4942), provides a statute of limitations (§ 4991), requires that an equitable adjustment be made if the court should void a transaction (§ 4951), prohibits the application of a resulting trust when a non-NMD provides purchase money for property (§§ 4961–4963), and discusses when the corporate entity will be disre-

garded in Article XII actions (§§ 4971–4973). In many ways, CNMI Public Law 8–32 seems to be a codification of the *Ferreira* line of cases, which are discussed *infra. Compare* 2 N. Mar. I.Code §§ 4941–4992 *with Ferreira v. Borja,* 1 F.3d 960 (9th Cir.1993), *and Ferreira v. Borja,* No. 09–047, 1995 WL 45836 (N.Mariana Islands Jan 4, 1995), *aff'd, Ferreira v. Borja,* 93 F.3d 671 (9th Cir. 1996).

5. The CNMI Supreme Court stated that Milne's alter ego argument was parallel to the argument made in *Ferreira v. Borja,* 1 F.3d 960 (9th Cir. 1993) ("*Ferreira I* "). In *Ferreira I,* the Ninth Circuit rejected the CNMI Supreme Court's application of the equitable doctrine of resulting trusts to a situation very similar to the one in this case. *Ferreira I,* 1 F.3d at 962–63. Ferreira, an NMD, received money to purchase land from a non-NMD. The original grantor asserted that the transaction violated Article XII of the CNMI Constitution. The CNMI Supreme Court found that the transaction created a resulting trust providing a non-NMD with a fee interest in commonwealth land. This court rejected that ap-

■ Although Milne argues that the CNMI Supreme Court implicitly applied PL 8–32, this court will

> not reach purported federal questions neither raised nor decided by the CNMI Supreme Court. It is particularly inappropriate to reach out and search for a federal question when it appears from the opinion of the CNMI Supreme Court, and from the underlying record in the case that valid provisions of local law justified the verdict. . . .

*Santos,* 76 F.3d at 301.

In reaching its decision, the CNMI Supreme Court first examined whether SRBD was a valid NMD corporation. It held that SRBD met the four criteria set out in the 1976 CNMI Constitution, which were applicable at the time of the sale and are outlined above; therefore, SRBD was a legitimate NMD corporation. Next, the CNMI Supreme Court applied the holding of the *Ferreira* cases to find that the transaction between Milne and SRBD was valid. "Compliance with Article XII and qualification as a bona fide purchaser are questions of CNMI law," not of federal law. *Yokeno,* 973 F.2d at 808.

The court then looked at issues concerning property law and determined that Hillblom did not possess a fee interest in the land. Property law is an area of law that is traditionally left to the states. *Cf. Boggs v. Boggs,* 520 U.S. 833, 117 S.Ct. 1754, 1770, 138 L.Ed.2d 45 (1997) (Breyer, J., dissenting). The decision of the CNMI Supreme Court concerning the nature of Hillblom's interest

in the property does not raise a federal question.

Finally, the court addressed Milne's attempt to pierce the corporate veil and dissolve SRBD, and determined that the corporate form would only be ignored to apply liability, not to dissolve a corporation. "The formation of corporations and the dissolution . . . of corporations are traditional areas of state [or local] law." *Atchison, Topeka & Santa Fe Ry. Co. v. Brown & Bryant, Inc.,* 159 F.3d 358, 363 (9th Cir.1997).

There is nothing in the CNMI Supreme Court's decision that raises a federal question. In fact, the court found it completely unnecessary to address the constitutionality of PL 8–32. It based its decision not on PL 8–32 but solely on local commonwealth law.

B. *The CNMI Supreme Court's decision is not untenable.*

■ This court will review a decision of the CNMI Supreme Court involving only local law if the decision is "untenable or amounts to a subterfuge to avoid federal review of a constitutional violation." *Ferreira I,* 1 F.3d at 962. The holding of *Ferreira I* was further explained in *Castro v. Hotel Nikko Saipan, Inc.,* 96 F.3d 1259 (9th Cir.1996). There the court stated that "the Ninth Circuit has jurisdiction only over those 'untenable' decisions of local law that implicate an appellant's federal rights." *Id.* at 1261; *see also Diamond Hotel Co. v. Matsunaga,* 99 F.3d 296, 298 (9th Cir.1996).

■ The CNMI Supreme Court's decision does not implicate appellant's federal rights and does not, therefore, permit this court to exercise its jurisdiction.[6] Addition-

---

proach. On remand, the CNMI Supreme Court held that where one NMD transfers property to another NMD, but the purchase price is provided by a non-NMD, the non-NMD does not receive a fee interest in the property. *Ferreira v. Borja,* No. 09–047, 1995 WL 45836, at *1 (N.Mariana Islands Jan. 4, 1995), *aff'd, Ferreira v. Borja,* 93 F.3d 671 (9th Cir.1996). Here, because SRBD was a validly formed NMD corporation, the source of the money used to purchase the land does not matter; Hillblom received no fee interest in the land, and the transaction was valid. The court found support for this conclusion from the fact that Milne did not object to the dismissal of the appeal against Hillblom's estate which did not make a claim against the property. This indicated that Hillblom had a tenancy at will,

which expired with his death, and never had a fee interest in the land. Because Hillblom did not have a fee interest, Article XII could not have been violated.

6. As part of her argument that the CNMI Supreme Court's decision is untenable under *Ferreira I,* Milne claims that her due process rights under the Fourteenth Amendment were violated by the CNMI court's grant and affirmance of summary judgment. Milne fails to present any argument or pertinent authority to support this claim. Milne has therefore waived this claim. *See Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.,* 122 F.3d 1211, 1217 (9th Cir.1997) ("We review only issues which are argued specifically and distinctly in a party's

ally, far from being untenable, the court's decision here is in line with our decisions in *Ferreira I* and *Ferreira II. See supra* note 5.

### C.  Section 805 of the Covenant to Establish a Commonwealth of the Northern Mariana Islands does not provide a basis for federal jurisdiction in Article XII cases where a party challenges a conveyance of real property.

Milne also argues that a federal question is raised because the court's refusal to find a violation of Article XII of the CNMI Constitution is a violation of section 805 of the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States ("Covenant").[7] It is well-settled law that not "every case which somehow implicates the Covenant is necessarily a case arising under federal law." *Camacho v. Civil Serv. Comm'n,* 666 F.2d 1257, 1262 (9th Cir.1982) (disagreed with on other grounds in *In Matter of McLinn v. F/V Fjord,* 739 F.2d 1395, 1397 (9th Cir.1984) (en banc)).

Essentially, the whole government and laws of CNMI are creatures of the Covenant. *See id.* If this court were to exercise jurisdiction every time an appellant referenced the Covenant, the distinction between the local law of CNMI and federal law would be meaningless. *See id.* Where the Covenant is only peripherally involved, a federal question is not raised, and this court will not exercise jurisdiction. *See, e.g., Diamond Hotel,* 99 F.3d at 298; *Sablan v. Manglona,* 938 F.2d 970, 971 (9th Cir.1991); *Camacho,* 666 F.2d at 1262.

This court has repeatedly rejected the argument appellant raises here in other cases dealing with Article XII, and we do so again here. In *Sablan,* appellant argued that this court had jurisdiction to review a CNMI Supreme Court decision interpreting Article XII in a quiet title action because Article XII implemented section 805. 938 F.2d at 971. We "rejected such an expansive interpretation of our jurisdiction." *Id.* Similarly, in *Diamond Hotel,* the CNMI Supreme Court invalidated portions of a long-term lease as violative of Article XII. Once again, we held that the Covenant was only "peripherally involved" and that we had no jurisdiction. 99 F.3d at 298.

Here, the CNMI Supreme Court's decision was based solely on local law and section 805 was only peripherally involved. No federal issue is implicated, and we do not have jurisdiction. This court cannot now foresee any circumstance where CNMI's interpretation of Article XII will be reviewable because of the existence of section 805. Appellants should be discouraged from arguing that section 805 provides federal jurisdiction over a CNMI decision involving Article XII of the CNMI Constitution.

### IV.

We DISMISS the appeal for lack of a genuine federal issue.

**APPEAL DISMISSED.**

---

opening brief.  We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim.... 'Judges are not like pigs, hunting for truffles buried in briefs.' " (citations omitted)); *United States v. Tisor,* 96 F.3d 370, 376 (9th Cir.1996) (failure to present argument or pertinent authority waives argument); *Collins v. City of San Diego,* 841 F.2d 337, 339 (9th Cir.1988) (same).

7.  Section 805 permits the CNMI to restrict the alienability of land.  It states:
> [T]he Government of the Northern Mariana Islands, in view of the importance of the ownership of land for the culture and traditions of the people of the Northern Mariana Islands, and in order to protect them against exploitation and to promote their economic advancement and self sufficiency:
> (a) will until twenty-five years after the termination of the Trusteeship Agreement, and may thereafter, regulate the alienation of permanent and long-term interests in real property so as to restrict the acquisition of such interests to persons of Northern Mariana Islands descent....

Joint Resolution of Mar. 24, 1976, Pub.L. No. 94–241 § 805, 90 Stat. 263, 274–75 (1976).