Meredith ODEN, Plaintiff–Appellant,

v.

NORTHERN MARIANAS COLLEGE; Agnes McPhetres; John Does, I–V; Bruno Dalla Pozza; Board of Regents, Defendants–Appellees.

No. 00–16594.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2002.

Filed March 22, 2002.

Douglas F. Cushnie, Saipan, MP, for the plaintiff-appellant.

F. Matthew Smith, Law Offices of Vicente T. Salas, Saipan, MP, for the defendants-appellees.

Before SCHROEDER, Chief Judge, GOODWIN, Circuit Judge, and UNPINGCO,* District Judge.

## OPINION

GOODWIN, Circuit Judge.

Meredith Oden appeals the district court's grant of summary judgement in favor of Northern Marianas College. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## BACKGROUND

In January, 1996, Meredith Oden enrolled in a music course at Northern Marianas College ["NMC"] taught by Bruno Dalla Pozza, a teacher at NMC and a friend of Oden's father. Shortly after beginning the course, Dalla Pozza began touching Oden in ways that made her feel uncomfortable. Over the course of the next two months, Dalla Pozza's treatment of Oden grew increasingly inappropriate, ranging from comments about Oden's physical appearance to "forcibly kissing [Oden] on the mouth, inserting his tongue in her mouth, and grabbing and touching her body." In late February Oden contacted a NMC counselor and described to the counselor Dalla Pozza's behavior. The counselor assisted Oden in preparing a complaint charging Dalla Pozza with sexual harassment. Oden filed the complaint with NMC on March 8, 1996. Oden also

informed Dalla Pozza that she was dropping his course. While the disciplinary matter was pending, Dalla Pozza allegedly harassed Oden on two additional occasions, the first of which was on April 10, 1996.

Upon receipt of Oden's complaint, Agnes McPhetres, the President of NMC, assigned two school counselors to assist Oden in presenting her case before the NMC Committee on Sexual Harassment [the "Committee"]. In addition to assisting Oden in documenting Dalla Pozza's harassment, the NMC counselors also provided Oden with counseling sessions. NMC's Director of Human Resources met with Dalla Pozza to discuss Oden's allegations, specifically informing Dalla Pozza that "he was not to attempt to contact Ms. Oden or her father by any means and that any attempts to do so could lead to disciplinary action against him by the NMC." Dalla Pozza denied all charges against him.

On February 19, 1997, the Committee issued a written memorandum addressed to McPhetres stating that the Committee "unanimously [agrees] that the respondent, Mr. Bruno Dalla Pozza, is guilty of sexual harassment towards the complainant, Ms. Meredith Oden." Although the Committee did not find that Dalla Pozza's conduct was serious enough to warrant dismissal from employment, the Committee did find that Dalla Pozza's conduct was serious enough to warrant disciplinary action. On February 25, 1997, McPhetres issued a letter to Dalla Pozza in which McPhetres agreed with the Committee's recommendation and imposed a number of disciplinary sanctions upon Dalla Pozza.

In April 1998, Oden sued Dalla Pozza, NMC, NMC's President, NMC's

* The Honorable John S. Unpingco, Chief District Judge for the District of Guam, sitting by designation.

Board of Directors, and the United States Secretary of Education. Oden's second amended complaint alleged five causes of action.[1] The only cause of action at issue on appeal is a Title IX sexual harassment claim, made against NMC as an entity, for failure to control or discipline Dalla Pozza.[2]

In addressing Oden's Title IX claim, the district court held that the local jurisdiction's two year statute of limitations period, codified at Title 7 N. Mar. I.Code § 2503(d), had expired on April 9, 1998. Accordingly, the court found that the two alleged incidents of harassment occurring after April 9, 1996 (the earliest of which occurred on April 10, 1996) were the only incidents of harassment that remained actionable. With respect to these two incidents, the court held that Oden failed to demonstrate that NMC was "deliberately indifferent" to Oden's complaint, see Gebser v. Lago Vista Indep. School Dist., 524 U.S. 274, 290, 118 S.Ct. 1989, 141 L.Ed.2d 277 (1998) (holding that Title IX's implied private right of action will not lie in absence of school district's "deliberate indifference" to teacher's conduct upon actual receipt of notice thereof), and concluded that NMC was entitled to judgment as a matter of law.

Ultimately, all defendants save Dalla Pozza were removed by summary judgment,[3] and Oden went to trial against Dalla Pozza. The jury found that Dalla Pozza had sexually harassed Oden, and awarded Oden $10,000 in compensatory damages and $30,000 in punitive damages. Dalla Pozza has not appealed, and the fact of the harassment is no longer in controversy. The only issue on appeal is whether the district court erred in granting summary judgment to NMC on the Title IX claim.

## DISCUSSION

■■■ "We review de novo a grant of summary judgment." Clicks Billiards

---

1. Oden's first cause of action was a Title IX claim brought against NMC as an entity.

   Her second and third causes of action, which each had two counts, were brought against NMC, McPhetres in her individual and official capacity, and the members of the Board of Regents in their individual and official capacities. The first count was a 42 U.S.C. § 1983 claim seeking damages for failure to train, discipline and control Dalla Pozza, based upon a violation of 20 U.S.C. § 1681 and the Fifth and Fourteenth Amendments to the United States Constitution. The second count alleged the same claim based upon common law negligence.
   The fourth cause of action went to trial against Dalla Pozza, and resulted in a verdict for plaintiff.
   The fifth cause of action, against the Secretary of Education, was dismissed by the district court for failure to state a claim.

2. Oden's Opening Brief concerns itself solely with Title IX, and asks only that this Court determine whether NMC responded with "deliberate indifference" to her allegations of sexual harassment. Because Oden does not raise any other issues in her Opening Brief, we deem them waived. See Milne v. Hillblom, 165 F.3d 733, 737 n. 6 (9th Cir.1999) (declining to consider issues not raised in appellant's opening brief); Entm't Research Group, Inc. v. Genesis Creative Group, Inc., 122 F.3d 1211, 1217 (9th Cir.1997) (same).

3. With respect to the § 1983 claims brought against the defendants in their official capacities, the district court found that NMC is an arm of the state, and therefore held that the defendants did not qualify as "persons" within the meaning of § 1983. See Magana v. CNMI, 107 F.3d 1436, 1443 (9th Cir.1997). As for the § 1983 claims brought against the defendants in their individual capacities, the district court held that the defendants enjoyed qualified immunity under Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Accordingly, the court granted summary judgment to the institutional defendants on the § 1983 claims. Because it had dismissed all of the federal claims against the institutional defendants, the district court declined to exercise supplemental jurisdiction over Oden's common law negligence claims. See 28 U.S.C. § 1367(c).

*Inc. v. Sixshooters, Inc.,* 251 F.3d 1252, 1257(9th Cir.2001). The appellate court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Id.*

Oden contends that the district court erred in granting summary judgment to NMC on her Title IX claim because, under *Gebser v. Lago Vista Ind. School Dist.,* 524 U.S. 274, 118 S.Ct. 1989, 141 L.Ed.2d 277 (1998), NMC was "deliberately indifferent" to her plight. In an attempt to demonstrate "deliberate indifference," Oden expresses her dissatisfaction with NMC's handling of her allegations. She complains that the Committee's hearing did not take place until almost one year from the date that she reported Dalla Pozza's behavior to NMC. Oden also contends that this one year delay violated NMC's own administrative procedures. Further, Oden suggests that NMC insufficiently punished Dalla Pozza because NMC allowed Dalla Pozza to continue teaching at NMC.

■ Although Oden may be dissatisfied with NMC's approach to dealing with her allegations, her dissatisfaction alone does not render NMC liable for Dalla Pozza's conduct. Title IX charges a plaintiff with demonstrating that an official (1) had actual knowledge of the alleged discrimination, and (2) *responded to that knowledge with deliberate indifference.*[4] *Gebser,* 524 U.S. at 290, 118 S.Ct. 1989 (emphasis added); *see also Reese v. Jefferson School District No. 14J,* 208 F.3d 736, 739(9th Cir.2000).

■ The material facts are not in dispute. Upon receiving actual knowledge of the alleged sexual harassment, NMC took action by (1) providing NMC counselors to assist Oden in documenting and presenting her case before the Committee; (2) providing Oden with one-on-one counseling sessions; (3) instructing Dalla Pozza to avoid contact with Oden; (4) conducting a hearing; (5) concluding that Dalla Pozza had sexually harassed Oden; and (6) imposing a number of disciplinary sanctions upon Dalla Pozza. Far from demonstrating "deliberate indifference," these facts demonstrate that NMC actively engaged in investigating and resolving Oden's allegations.

Oden's strongest contention, i.e., that the delay between the date of her initial complaint, March 8, 1996, and the date of her hearing, January 3, 1997, constitutes "deliberate indifference" to sexual harassment in violation of Title IX, belies the record. Although there was a lengthy delay, there were also valid reasons for the delay: NMC had a number of administrative hurdles to jump, including the formation of a sexual harassment hearing committee; Oden had difficulty retaining an attorney; and Oden had relocated to the State of New Mexico. At most, NMC is guilty of bureaucratic sluggishness. We decline to equate bureaucratic sluggishness with "deliberate indifference," especially where the school authorities began turning their bureaucratic wheels immediately after being notified of the alleged misconduct.

Viewing the facts of this case in the light most favorable to Oden, we conclude that, as a matter of law, Oden fails to show that NMC was "deliberately indifferent" to her allegations of sexual harassment. Accord-

---

**4.** Title IX provides that "[n]o person ... shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a).

ingly, we affirm the district court's entry of summary judgment in favor of NMC.[5]

AFFIRMED.

---

5. The district court based its decision, in part, on the Northern Mariana Islands' two year statute of limitations. *See* Title 7 N. Mar. I.Code § 2503(d). We need not do so because, even if the statute of limitations was inapplicable, thereby making the entirety of Dalla Pozza's conduct actionable, Oden would still fail to show that NMC was "deliberately indifferent" to her allegations of sexual harassment. *See Smoot v. Boise Cascade Corp.*, 942 F.2d 1408, 1411 (9th Cir.1991) (providing that court of appeals "may affirm on any ground adequately supported by the record").