**Sally A. PAPIN, Plaintiff–Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security of the United States of America, Defendant–Appellee.**

No. 05–15527.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 16, 2007.*

Filed Feb. 22, 2007.

Bess M. Brewer, Esq., Brewer & Mitchell, LLP, Sacramento, CA, for Plaintiff–Appellant.

Michael A. Cabotaje, Social Security Administration, Office of the General Coun-

Fed. R.App. P. 34(a)(2).

sel, San Francisco, CA, for Defendant–Appellee.

Before: GOULD and RAWLINSON, Circuit Judges, and COVELLO **, Senior District Judge.

## MEMORANDUM ***

Sally Papin (Papin) appeals the denial of her motion for summary judgment challenging denial of her claim for Social Security benefits.

1. The Administrative Law Judge (ALJ) did not fail to consider all of Papin's claimed impairments, and the resulting effects from them. He sufficiently explained how medical examinations in the record contradicted Papin's claims. Although he did not mention insomnia specifically, he addressed Papin's "nonexertional limitations," and, in the hearing, considered the impact of any probable symptoms likely to result from those limitations.

2. The ALJ properly credited the opinions of Papin's treating physician. The ALJ summarized and specifically referenced the treating physician's records. Additionally, although the treating physician completed a disabled person placard statement in support of Papin's request for disabled parking privileges, the ALJ was not required to consider it, both because it was conclusory and because it conflicted with the physician's *later* evaluation. *See Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1194–95 (9th Cir.2004).

3. The ALJ properly considered Papin's testimony, and "provide[d] specific, cogent reasons for [his] disbelief," *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citation and internal quotation marks omitted), including the lack of support in the objective medical record.

4. The ALJ's hypothetical was legally sufficient. "[I]n hypotheticals posed to a vocational expert, the ALJ must only include those limitations supported by substantial evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir.2006) (citation omitted). Papin's conclusory assertion that the vocational expert's (VE) testimony "was not grounded in any scientific principles or methodology" in violation of *Daubert v. Merrell Dow Pharmaceuticals, Inc.* 509 U.S. 579, 593–94, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), fails because it is unsupported by any specific contention as to how the methodology was invalid. *See Milne v. Hillblom*, 165 F.3d 733, 737 n. 6 (9th Cir.1999). Additionally, Papin stipulated to the vocational expert's qualifications. *See Marbled Murrelet v. Babbitt*, 83 F.3d 1060, 1067 (9th Cir.1996), *as amended* (discussing waiver of *Daubert* objections). Papin's remaining challenges to the hypothetical are based on misstatements of the record.

**AFFIRMED.**

---

** The Honorable Alfred V. Covello, Senior United States District Judge for the District of Connecticut, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.