**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CORINNA RUIZ,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>PARADIGMWORKS GROUP, INC., a Delaware corporation; CORNERSTONE SOLUTIONS, INC., DBA Cornerstone Solutions, Inc. - Job Corps Services, a Georgia corporation,<br><br>    Defendants-Appellees. | No. 18-55259<br><br>D.C. No.<br>3:16-cv-02993-CAB-BGS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Argued and Submitted September 13, 2019
Pasadena, California

Before: RAWLINSON, OWENS, and BENNETT, Circuit Judges.

 Corinna Ruiz appeals from the district court's summary judgment in favor of

defendants ParadigmWorks Group, Inc. ("PGI") and Cornerstone Solutions, Inc.

("Cornerstone") in her employment action under the Americans with Disabilities

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Act ("ADA") and California's Fair Employment and Housing Act ("FEHA"). We review de novo a district court's decision to grant summary judgment. *Folkens v. Wyland Worldwide, LLC*, 882 F.3d 768, 773 (9th Cir. 2018). As the parties are familiar with the facts, we do not recount them here. We reverse and remand.

1. To succeed on her disability claims under the ADA and the FEHA, Ruiz must show she is a "qualified individual with a disability." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 988-89, 999 (9th Cir. 2007) (en banc). Under both the ADA and the FEHA, a "qualified individual" is an individual with a disability who, with or without "reasonable accommodation," can perform the essential functions of the job. *Id*. at 989, 999.

To avoid summary judgment, the plaintiff/employee need only show that an "'accommodation' seems reasonable on its face, *i.e.*, ordinarily or in the run of cases." *U.S. Airways, Inc. v. Barnett*, 535 U.S. 391, 401 (2002). "Once the plaintiff has made this showing, the defendant/employer then must show special (typically case-specific) circumstances that demonstrate undue hardship in the particular circumstances." *Id*. at 402.

Under the ADA, "an extended medical leave, or an extension of an existing leave period, may be a reasonable accommodation if it does not pose an undue hardship on the employer." *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1247 (9th Cir. 1999). Likewise, under the FEHA, "a finite leave can be a reasonable

2

accommodation . . . , provided it is likely that at the end of the leave, the employee would be able to perform his or her duties." *Hanson v. Lucky Stores, Inc.*, 87 Cal. Rptr. 2d 487, 494 (Ct. App. 1999). However, "[r]easonable accommodation does not require the employer to wait indefinitely for an employee's medical condition to be corrected." *Id.* (citation omitted).

Here, viewing the evidence in the light most favorable to Ruiz, there is a genuine dispute of material fact regarding whether her requested accommodation of additional leave was "reasonable." Ruiz's doctor provided a finite estimate of five weeks, and "the mere fact that a medical leave has been repeatedly extended does not necessarily establish that it would continue indefinitely." *Nadaf-Rahrov v. Neiman Marcus Grp., Inc.*, 83 Cal. Rptr. 3d 190, 222 (Ct. App. 2008). Further, even if Ruiz ultimately needed to extend her medical leave longer, a broken ankle is the type of injury from which people generally heal in the foreseeable future. *See Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1136 (9th Cir. 2001) (stating that "the ADA does not require an employee to show that a leave of absence is certain or even likely to be successful to prove that it is a reasonable accommodation," and an employee only needs "to satisfy the minimal requirement that a leave of absence could plausibly have enabled [her] adequately to perform her job"); *Jensen v. Wells Fargo Bank*, 102 Cal. Rptr. 2d 55, 68 (Ct. App. 2000) ("Holding a job open for a disabled employee who needs time to recuperate or heal

3

is in itself a form of reasonable accommodation and may be all that is required where it appears likely that the employee will be able to return to an existing position at some time in the foreseeable future.").

Therefore, we conclude that the district court erred in granting summary judgment on Ruiz's disability claims on the ground that her request for five more weeks of leave was not a "reasonable" accommodation. On remand, the district court may address in the first instance whether Ruiz's additional leave request would have posed an "undue hardship" for PGI.

2.      The district court granted summary judgment on Ruiz's FEHA retaliation claim on the ground that "protected activity does not include a mere request for reasonable accommodation." *Nealy v. City of Santa Monica*, 184 Cal. Rptr. 3d 9, 25 (Ct. App. 2015) (citing *Rope v. Auto-Chlor Sys. of Wash., Inc.*, 163 Cal. Rptr. 3d 392, 407 (Ct. App. 2013)). However, as PGI concedes, the district court erred because it relied on outdated law. After *Nealy* and prior to Ruiz's termination and lawsuit, the California Legislature amended the FEHA, making it unlawful "[f]or an employer . . . to . . . retaliate or otherwise discriminate against a person for requesting accommodation under this subdivision, regardless of whether the request was granted." Cal. Gov't Code § 12940(m)(2); *see also Moore v. Regents of the Univ. of Cal.*, 206 Cal. Rptr. 3d 841, 865-66 (Ct. App. 2016).

Therefore, we also reverse the district court's summary judgment on Ruiz's retaliation claim under the FEHA. On remand, the district court may address in the first instance PGI's alternative arguments in favor of summary judgment.

3.     Given the foregoing, we also reverse the district court's decision with respect to Ruiz's failure to prevent discrimination and wrongful termination claims because the district court granted summary judgment on these claims based on its erroneous determination that PGI was entitled to summary judgment on the disability and retaliation claims. We do not address Ruiz's intentional infliction of emotional distress claim because she waived it. *See Milne v. Hillblom*, 165 F.3d 733, 736 n.6 (9th Cir. 1999).

4.     After briefing in this appeal, Cornerstone filed a notice of bankruptcy under Chapter 7 in the United States Bankruptcy Court for the Northern District of Georgia, No. 19-54182. However, the bankruptcy court docket reveals that Cornerstone's bankruptcy proceedings have been closed.

Because the district court granted summary judgment for Cornerstone for the same reasons it granted summary judgment for PGI, we also reverse the district court's judgment in favor of Cornerstone. On remand, the district court may address in the first instance Cornerstone's alternative arguments in favor of summary judgment.

**REVERSED AND REMANDED**.