Elizabeth Blanco MATSUNAGA,
Plaintiff,

v.

Maria Cynthia MATSUNAGA,
Defendant–Third–Party–
Plaintiff–Appellee,

v.

Douglas Cushnie, Third–Party–
Defendant–Appellant.

No. 01–17399.

D.C. No. CV–99–00028.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 18, 2002.*

Decided Nov. 27, 2002.

Before REINHARDT, RYMER, and SILVERMAN, Circuit Judges.

## MEMORANDUM**

Douglas F. Cushnie appeals pro se the judgment of the Supreme Court of the Commonwealth of the Northern Mariana Islands ("CNMI") dismissing his claim that his constitutional rights were violated during the contempt proceedings conduct-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Cushnie's request for oral argument.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**752**

ed by the CNMI Superior Court. Under 48 U.S.C. § 1824, our jurisdiction over appeals from the CNMI Supreme Court is limited to "cases involving the Constitution, treaties, or laws of the United States." We review de novo claims of due process violations, *Bird v. Glacier Elec. Coop., Inc.,* 255 F.3d 1136, 1140 (9th Cir. 2001), and we affirm.

The CNMI Supreme Court's conclusion that it lacked jurisdiction to review the trial court's original imposition of sanctions was based on local law, so we lack jurisdiction to review that conclusion. *See Milne v. Hillblom,* 165 F.3d 733, 736 (9th Cir. 1999) (holding Ninth Circuit will not impose a federal question when valid provisions of local law justify CNMI Supreme Court decision). Moreover, Cushnie may not raise in this court constitutional claims that he did not timely raise before the CNMI Supreme Court. *See Charfauros v. Bd. of Elections,* 249 F.3d 941, 957 (9th Cir.2001).

We also lack jurisdiction to review Cushnie's contention that the original sanctions order and the ensuing contempt proceedings violated his rights under the CNMI Constitution because actions to enforce provisions of the CNMI Constitution do not involve matters of federal law. *See Sablan v. Manglona,* 938 F.2d 970, 971–72 (9th Cir.1991).

Cushnie's contention that the CNMI Superior Court's contempt proceedings violated his federal due process rights fails because he was given notice and an opportunity to be heard. *See Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.,* 210 F.3d 1112, 1120 (9th Cir.2000). Cushnie also contends that the CNMI Supreme Court violated his equal protection rights by establishing a different standard of

proof in contempt proceedings for attorneys and non-attorneys. The CNMI Supreme Court made no such distinction.

We deny Appellee's request for sanctions and costs pursuant to Fed. R.App. P. 38 and for attorney's fees pursuant to Fed. R.App. P. 39, without prejudice to the filing of such motions in accordance with Fed. R.App. P. 38 and Ninth Circuit Rule 39–1.

**AFFIRMED.**